BILLINGSLEY ET ALS. *vs.* HARRIS ET AL., EX'RS.

1. Where a legacy is given to the wife for life, with remainder over, and the wife dies before the testator, the remainder does not lapse but takes effect upon the death of the testator.

2. The Orphans' Court has no jurisdiction over a bequest, coupled with a power to the executors to give the property to such children of the testator as they "shall think fit and proper."    In such case the jurisdiction of chancery is exclusive.

Error to the Orphans' Court of Pickens.

HUNTINGTON, for plaintiffs.

HALE & PECK, for defendants:

1. The death of the legatee for life, before the death of the testator, does not defeat the remainder, but in such case the remainder vests immediately upon the death of the testator.—2 Williams on Ex'rs, 764, notes u and v; 2 Lomax Ex'rs, 50, see notes g and h; Chatteris v. Young, 6 Maddox, (bottom page,) 30; Hardwick v. Thurston, 4 Russ. Ch. 380; 3 Cond. Ch. 716.

2. The tenth section of this will confers *powers* upon the executors, coupled with a trust, which a court of equity will enforce.—2 Story's Eq. Juris. sec. 1061, note 2; Brown v. Higgs, 8 Vesey, 574; 2 Sugden on Powers, 175, sec. 5-6; 16 Law Library, 96; Ib. 99, sec. 16-'7.    But the trust being special and not within the ordinary duties of an executor, the Orphans' Court has no jurisdiction to enforce it.—4 Porter, 342; 8 ib. 399; 9 Ala. 478.

PARSONS, J.—It appears by the record, that Hudson Harris, deceased, by his last will and testament left specified lega-

cies to each of his children, and to some of his grand children. By the tenth clause in his will, after making some provision for his wife and for one of his sons, which is immaterial in the present question, he says: "I also give and devise unto my said wife six negroes, to-wit: John, Grace, York, Peter, Aggy and Nancy, and one negro woman and child to be bought by my executors, hereinafter mentioned, during her natural life, and after her decease, my will and desire is that my executors, hereinafter mentioned, give the negroes mentioned in this tenth clause to such of my children as they, the said executors, shall think fit and proper." The defendants in error were the executors, and as such had a final settlement in the Orphans' Court of Pickens county. The Orphans' Court on the settlement refused to charge the executors with the hire of the negroes mentioned, although it appeared that the testator's wife died before the time of his death, and also that the executors had been for some time in possession of the negroes. This is assigned as error, and it is the only assignment now insisted on. The counsel for the plaintiffs in error contend that the legacy over of the negroes mentioned in the tenth clause, lapsed in consequence of the death of the testator's wife in his life-time, and that therefore the defendants in error held the negroes merely in their character of executors, and are accountable to the other legatees or distributees of the testator for their hire. But it is the settled law, in the case of a legacy to a legatee for life, with remainder to another legatee, if the tenant for life dies before the testator, the remainder over takes effect upon the death of the testator.—2 Williams on Ex'rs, 764; Hardwick v. Thurston, 4 Russ. Ch. C. 380. And the last case shows that the law is the same, although a power of appointment be given to the tenant for life, the bequest to the latter not being of the absolute property, but only for her life. We are, therefore, entirely satisfied that the remainder did not lapse.

2. The executors, under this will, have a power coupled with a trust, to give these negroes to such of the testator's children as the executors may think fit and proper. It is not necessary to enquire how far or in what cases a court of chancery will control the executors in the exercise of such a trust. Cases may exist in which trustees of the kind ought not to distribute the trust property equally. So far as we are now aware, the ,

present may be such a case; and consequently, as the executors have not yet executed the trust, no one of the testator's children can say what portion of the hire is his. For this reason there could have been no settlement of the hire in the Orphans' Court. But it is not necessary to notice this, for we all think that the Orphans' Court had no jurisdiction in respect of these negroes or of their hire. In relation to the negroes, and of course to their hire, the will confers on the executors confidential trusts, of which the Orphans' Court had no jurisdiction. Portis v. Creagh, ex'r, 4 Porter, 332; 8 Porter, 399; 9 Ala. 478. In such cases the jurisdiction of the courts of chancery is exclusive. They can give the appropriate remedy for every injury in such matters. The decree of the Orphans' Court is affirmed.