OLIVER B. MARSTON *versus* JOHN MARSTON.

Under a devise of all the testator's property to O, "after his mother shall cease to be my widow, providing he shall live on the place, and carry it on till that time in a workmanlike manner," the devisee loses all his rights, if, during the time his mother remains the testator's widow, he voluntarily quits the place, and neglects to carry it on.

ON REPORT by MAY, J.

WRIT OF ENTRY.

A question was made in relation to an amendment of the writ, but it became immaterial, in the disposition of the case.

The defendant pleaded the general issue, which was joined. The specifications of defence and brief statement were,— "That the title and possession of the demanded premises are in him, the said defendant, and not in him, the plaintiff. And that the defendant's title to the demanded premises is paramount to that of the plaintiff's.

The plaintiff claims under the third item in the will of his

father, Isaac Marston, which is copied in the opinion. It was admitted that the place, described in that item and in the writ, was the property of said Isaac Marston, at the time he made his will and till his decease, which event happened in May, 1834. It was admitted that the will was duly probated soon after the death of said Isaac.

The defendant offered to prove, that the plaintiff in the latter part of the fall of 1834, left and abandoned the demanded premises, and moved out of town, and has never since that time, in any manner whatever, carried on or managed, or controlled the premises, nor procured the same to be done; that he so left and abandoned the premises of his own free will and accord, and against the will and solicitations of his mother and the rest of the family; that since that time she, the said Polly Marston, managed said farm with the aid of the other children, until the defendant became of age, and has paid out to the several legatees, mentioned in said will, the amount therein bequeathed to them; that, in 1841, she paid to the plaintiff the sum of fifty dollars, which sum he received as, and for his share of and in the property of the said Isaac Marston, and for which he gave his receipt, of which the following is a copy: —

"Livermore, May 18th, 1841.

"Received of Polly Marston, fifty dollars, it being my share with the other heirs of the estate of Isaac Marston.

(signed)  "Oliver B. Marston."

The defendant offered further to prove that, at the time the plaintiff went away in the fall of 1834, the said Polly Marston paid him for his services on the farm, which he performed from the time of his father's death to the time he went away in the fall of 1834; that the defendant has lived with his mother on the premises, and has carried on and managed the same under her direction and as her tenant since he became of age.

The proposed offer was rejected by the Court, in order that the full Court might first determine the true construc-

tion of the will, and also how far the defence offered is open to this defendant.

If the facts offered to be proved by defendant constitute a defence, the action was to stand for trial.

If they do not constitute a defence, and if, upon the evidence and facts in the case, the plaintiff is entitled to prevail, judgment was to be rendered accordingly.

*John S. Abbott* and *M. S. Ludden*, for plaintiff, maintained that the third item in the will gives the plaintiff the right of possession; and that the facts offered to be proved by defendant were inadmissible *under the pleadings.*

*Record, Walton* and *Luce*, for defendant, argued that the facts offered to be proved were admissible to disprove the plaintiff's allegation of seizin, and cited 2 Greenl. Ev., § 556.

The opinion of the Court was drawn up by

DAVIS, J.— On the thirteenth day of November, 1833, Isaac Marston made and executed his last will and testament, of which the following is a copy:—

"First,—I give and bequeath unto my beloved wife, Polly Mårston, the income of all my property so long as she remains my widow.

"Second,—I give and bequeath unto my son George Marston, fifty dollars, to be paid in three years.

"Third,—I give and bequeath unto my son Oliver B. Marston, all my property after his mother shall cease to be my widow, providing he shall live on the place and carry it on till that time in a workmanlike manner; and if the income of the farm should be more than is necessary to support the family, to be divided equally between the above named Oliver B. and his mother; otherwise to have one dollar.

"Fourthly,—I give and bequeath unto Nancy B. Marston, my daughter, on the day of her marriage, if she shall marry, one hundred and fifty dollars, in household furniture, and a privilege in the house and boarding, so long as she sees fit,

while she lives single, or her lifetime, providing she labors in the family. I also give and bequeath unto my son, John Marston, fifty dollars when he shall arrive at the age of twenty-two, providing he shall be in the employ of Oliver B. Marston until he shall come of age, and is to have suitable clothing, schooling, doctoring and nursing, otherwise to have one dollar. I also give and bequeath unto my son, Joseph D. H. Marston, fifty dollars, provided he lives in the employ of Oliver B. Marston until he shall become twenty-one years old, the above sum to be paid when he arrives at the age of twenty-two, and is to have suitable clothing, doctoring, nursing and schooling. I also give and bequeath unto my son, Isaac Marston, fifty dollars, providing he shall live in the employ of Oliver B. Marston until he shall be twenty-one years old, and is to have suitable clothing, doctoring, nursing and schooling, the above sum to be paid when he is twenty-two years old. I also give and bequeath unto my son Theodore Marston, when he shall be twenty-two years old, fifty dollars, providing he shall live in the employ of Oliver B. Marston until he shall be twenty-one years old, and is to have suitable schooling, clothing, doctoring and nursing. I also give and bequeath unto my son William B. Marston, when he shall arrive at the age of twenty-two, fifty dollars, providing he shall live in the employ of Oliver B. Marston until he shall become twenty-one years old, and have suitable schooling, doctoring, nursing and clothing while in his employ. I also give and bequeath unto my daughter, Mary Marston, one hundred dollars in furniture, when she shall marry and a privilege of schooling, doctoring, clothing and nursing, and living in the house so long as she lives and labors in and for the family of my son Oliver B. Marston. I also give and bequeath unto my son, James Marston, fifty dollars when he shall arrive at the age of twenty-two years old, and is to have suitable clothing, schooling, doctoring and nursing during said time, providing he shall live and labor in the family of my son Oliver B. Marston until he is twenty-one years old, and if the aforenamed John Marston, Joseph D.

H. Marston, Isaac Marston, Theodore Marston, William B. Marston and James Marston, do not comply with the foregoing, then they shall have one dollar each, and no more, and lastly, as to all the rest, residue and remainder of my estate, I give and bequeath to my said beloved wife, Polly Marston, whom I hereby appoint sole executrix of this my last will and testament."

There are no clauses in the will repugnant to each other; nor do we think there is any difficulty in ascertaining the intention of the testator.

Beginning with the second and fourth clauses, we find that the children were to have the privilege of living at home, where they were to be supported in health or sickness, and educated. The daughter, upon her marriage, and the sons upon arriving at a certain age, were to receive certain specified legacies. These, except the one made in the second clause, were upon condition that they should remain at home, and labor in the family. If they chose to leave home, they were to receive nominal legacies only.

Whether, in certain possible contingencies, it would have been possible to carry out all these provisions, it is not material to inquire. No question is raised under these clauses of the will.

By the first clause, the *income* of all the property was given to the mother, so long as she should remain a widow. That she took it *cum onore*, with the liability to pay the legacies, she has admitted, and has paid them as they became due. So that no questions are raised upon these matters. Though the alternative legacy to Oliver B. Marston, the plaintiff, was but one dollar, she paid him fifty dollars, the same that was paid to the other sons.

By the third clause, the said Oliver was to have all the property, after his mother should cease to be a widow, if he should live on the place, and carry it on, until that time. By the facts agreed it appears that neither of these contingencies has occurred. The mother has not ceased to be a widow; and the plaintiff, instead of living on the place, and carrying

it on, left the premises, of his own free will and accord, after having been paid for all the services he had performed. He thereby forfeited all right thereto under the will. And he now has no rights therein, except as one of the heirs, whenever the title of the mother ceases, by death or otherwise.

According to the agreement of the parties, *the case is to stand for trial.*

TENNEY, C. J., and APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.