HENRY WHITEHEAD and others v. EDWARD THOMPSON and others.

*Will—Construction of—Lapsed Legacy.*

A testator by his will devised certain lands to his sons J and H, " on the following conditions, provided that they each pay " certain amounts to three other of his sons, infants, when they severally attain the age of twenty-one years ; by the residuary clause of the will he gave all his remaining property, not before disposed of, to four daughters ; the three sons died in infancy and without issue, during the testator's life-time ; *Held*, that the legacies lapsed and J and H took the lands devised to them without charge.

(*Woods* v. *Woods*, Busb. 290 ; *Lassiter* v. *Wood*, 63 N. C. 360 ; *Macon* v. *Macon*, 75 N. C. 376 ; *Horah* v. *Horah*, Winst. Eq. 107, cited, distinguished and approved.)

CONTROVERSY submitted without action under C. C. P., § 315 for the Construction of a Will, heard at Spring Term,. 1878, of CHATHAM Superior Court, before *Kerr, J.*

The facts are as follows :—Arthur Whitehead died in the year 1876, having on the 30th day of June preceding made a will and therein appointed the plaintiffs William B. Carter and John Whitehead his executors, who shortly thereafter proved the will and qualified as executors.    The material provisions of the will necessary to a proper understanding of the controversy are these.

Item 3.    I will and devise to my two sons John and Henry, all that tract of land lying on the waters of Rocky river together with all my mill property thereon situated, one-half interest to each on the following conditions, provided that the said John and Henry each pay to my three

sons, William G. and Durant H., and my infant son, not yet named, the following sums,—John to pay fourteen hundred and fifty dollars, and Henry to pay seven hundred and fifty dollars, that the said John and Henry shall pay over the said amount in equal shares to my said three sons, when they severally attain to the age of twenty-one years, at the rate of six per cent interest.

In the next two items the testator devises another tract of land, one half to his son Newton Whitehead, and one hundred dollars in money in addition, and the other half to his daughter Elizabeth E. Fogleman on her paying fifty dollars into his estate. Some few other articles are given, and then follows the residuary clause (Item 7) in which he directs all his remaining property of every description not before disposed of in the will, to be sold, and the proceeds with such debts as the executors may be able to collect and any money in hand, and the amount thus realized to be paid in equal shares to his four daughters Matilda Thompson, Rachel A. Clapp, Sarah E. Moran and Rosa V. Whitehead, they accounting for what they may severally owe the testator. In item 8 he appoints his son John Whitehead guardian of his minor children and of their estate, and also entrusts him with the care and management of the estate given his wife. The legatees and devisees living are all parties to this action. The three minor children mentioned in item 3 died without issue after the making the will and before the testator's death.

His Honor held that by item 3 the land was devised to the testator's sons, John and Henry, upon condition that they were to pay the sums of money mentioned, to be equally divided among the next of kin; that item 7 provided for a special bequest of certain effects to the four persons named, upon condition, that they account for what they owed the testator on making the settlement; that on failure of the personal property to pay debts and legacies,

the deficiency must be made up out of the legacies which
would have gone to the three minor sons who died in the
testator's lifetime, and whose legacies lapsed by their death,
and that there was no *pro rata* abatement of legacies. From
which ruling the plaintiffs appealed.

*Mr. J. H. Headen*, for plaintiffs.
*Mr. John Manning*, for defendants.

SMITH, C. J. (After stating the case as above). The
only question submitted which we are called no to answer is
as to the legacies given the three deceased children, and
charged upon the mill property devised in 3d item to his
sons John and Henry. Are they lapsed and extinguished
or are they still to be paid and go into the residuum disposed
of in item 7? We find little difficulty in solving this
question.

The testator gives to his three infant sons a sum of
money, and charges its payment upon the land devised to
his sons John and Henry. Although he uses the words
" on the following conditions," he explains his meaning by
adding immediately, " provided that the said John and
Henry pay," &c. There can be but three possible interpre-
tations given to this clause of the will. (1) The payment
of the legacies is so annexed to the devises as to defeat
them altogeher by the death in the testator's life time of
the infant legatees, or (2) The legacies are preserved and
fall into the residuum disposed of in the 7th, item of the
will, or (3) The legacies lapse and the devises are free from
the charge.

The first construction which would defeat the devises
altogether is clearly inadmissible, since the testator's inten-
tion that John and Henry shall have the land, is as mani-
fest as that William and his brothers shall have the money.
The devise must therefore be upheld whether the devisees

are required to make payment or not. The infant legatees were the special objects of their father's bounty, and for their personal benefit the provision in the will is made. Their death during his life time intercepts and defeats his purpose and the bequests fail. Had they left issue the legacies would have vested in such issue under the statute made to meet the contingency. Bat. Rev. ch. 45, § 3.

Nor is this the case of an attempted and ineffectual disposition of property which is absorbed into the general estate and passes under the residuary clause, as decided in the cases to which we have been referred in the brief of counsel. There is here no undisposed of property of the testator, but a personal obligation imposed on two of his children in behalf of three others, and secured by being charged upon his land. The point is, shall this obligation now be enforced, and not what shall become of the money when paid. The principle in those cases does not apply.

The only remaining construction then must prevail which frees the devised land from the charge. For this we are not left without authority. "If the charge upon the land in terms depends upon a contingency which fails and the estate is thereby defeated, the *charge sinks for the benefit of the devisee* or whoever may be entitled to the principal estate." 2 Red., Wills 502; O'Hara, Wills, 419.

In *Woods* v. *Woods*, Busb. 290; Joseph Woods devised a tract of land in these words: "I give to Lambert Woods, my grandson, the tract of land, &c., provided the said Lambert Woods shall pay my grandson Eli Woods, son of John Woods deceased, the sum of three hundred dollars." Eli Woods died before the testator and it was held that his legacy lapsed and the devisee took the land relieved of the charge. "This construction," say the Court, "is made manifest by the fact that there is no devise of the land over to a third person, if Lambert Woods should refuse to pay the $300, but it is an absolute devise to him. Upon the

death of Eli without issue in the life time of the testator, his legacy lapsed. If however its *payment was a condition* its performance became impossible by the act of God."

This case seems decisive of that now before us and renders further discussion useless.

But our attention is called to *Lassiter* v. *Wood*, 63 N. C., 360, and *Macon* v. *Macon*. 75 N. C., 376, as establishing the doctrine that special provisions in a will may be modified when necessary to give effect to a general controlling intent apparent in the will, to make an equal division of the testator's estate among the objects of his bounty. These cases are peculiar and the construction adopted was deemed necessary to present the clear dominant purpose of the testator from being defeated altogether, and the special directions in the will were made to yield, to avoid a total disruption of the testator's general plan of disposing of his estate. This is not our case. We can not undertake to avert consequences against which the testator has not provided, and which he may not have foreseen. Our duty is to interpret his will and ascertain his intentions, not to change or modify them. So far as they are consistent with the principles of law we must give them effect, and we can neither supply his omissions, nor disregard his directions.

There are other questions presented, but except in so far as they find a solution in what has been already said, we can not undertake to give an answer. There are no facts stated to which the advice may apply with any practical result. The condition of the estate is not set out, nor any estimate of the value of the fund created under the residuary clause, nor the amount of the liabilities of the estate. The inquiries are consequently speculative, and it is not in accord with the usages of a Court of Equity to give advice except upon submitted facts and where the advice can be enforced. *Horah* v. *Horah*, 1 Winst., Eq. 107.

There is error in the opinion of the Court below that the

legacies to the deceased infant children are preserved and fall into the residue disposed of in the 7th item.

The cause will be remanded to the end that further proceedings may be had in the Court below in accordance with this opinion.

Error.                                    Reversed and remanded.