M. C. MISENHEIMER v. P. A. SIFFORD, Admr. et als.

*Will—Charge upon land.*

1. Where a testator devised land to one of his sons, provided he should maintain his mother comfortably during her life, the support of the mother is a charge upon the rents and profits of the land, and not a condition, the non-observance of which will defeat the devise.

2. Where, in such case, upon the death of the devisee, the person who was to be supported was taken charge of by the plaintiff, who received all the rents and profits of the land for that purpose; *It was held,* that the plaintiff could make no further claim on the land under the will.

(*Wellons* v. *Jordan,* 83 N. C., 371; *Gray* v. *West,* 93 N. C., 442, cited and approved).

CIVIL ACTION, tried before *Montgomery, Judge,* and a jury, at August Term, 1885, of the Superior Court of ROWAN county.

Michael Bostian died in the year 1850, leaving a will, in the second clause of which he devises certain of his real estate as follows:

II. " I wish my executor to pay all my just debts out of my personal estate, and funeral expenses; and I give and bequeath to my son Audren A. Bostian, my plantation I now live on, with all the appurtenances thereunto belonging; provided he maintain his mother during life comfortably, and shall give her house-room and firewood, and all necessaries of life, during her life or

widowhood; if she marries, he shall be free from the above maintenance."

The devisee took possession of the land, and supported his mother until his death in 1869, when the plaintiff voluntarily removed her to her own house, and has cared for and maintained the said Christina ever since, and until her death in April, 1884, receiving during the interval, all the rents and profits of the devised land. This was done by the plaintiff of her own accord, and not at the instance of the defendant P. A. Sifford, administrator of the intestate devisee, A. A. Bostian, or of any other defendant, nor had the plaintiff made demand on them for means of supporting the said Christina, or for other compensation than that derived from the land. In the year 1882, the defendant Harvey Sloop, who had intermarried with the defendant Charlotte, the daughter and only heir-at-law of the intestate A. A. Bostian, to whom said land had descended, proposed to the plaintiff to take her to his house and support her, which the plaintiff refused to accede to, because she was unable to be removed.

The present action, under the amended complaint, is prosecuted to establish the plaintiff's claim for compensation for such maintenance, in excess of what has been received, and the amount thereof, to charge the land therewith, and for its sale, if necessary, to the satisfaction of her demand. The answer denies the claim against the personal estate of the devisee, or as a charge upon the land, and also sets up the bar of the statute of limitations to its enforcement, for a longer period than three years before the institution of the suit, on May 5th, 1884.

The Court was of opinion, and so ruled, that there could be no recovery for the plaintiff's services and outlay, for a period beyond three years; that for two of those years she could not sustain her claim, because of the refused offer made by defendant Harvey, to maintain and take care of said Christina; and further, that, upon the averments in the complaint and the proofs, the plaintiff's undertaking and expenditure being voluntary and officious, no obligation for remuneration had been incurred, for

38

which the defendants personally were liable, or the devised land chargeable. In submission to this ruling, the plaintiff suffered a non-suit, and appealed to this Court.

*Mr. Lee S. Overman,* for the plaintiff.

- *Mr. Thos. F. Klutz* (*Messrs. Kerr Craig* and *J. M. Clement* were with him on the brief), for the defendants.

SMITH, C. J. (after stating the facts). Very much of the argument for the appellant, in this Court, was directed to the construction of the will and the effect of the provision for the support of the testator's wife upon the devised estate. We do not deem it necessary to pursue this inquiry, since, if it were a defeating condition, it is not apparent how this would enure to the benefit of the plaintiff, if there were any one to enforce it ; while deeming it to fix a charge upon the land, would be more in consonance with the evident general purpose of the testator, in making provison for the support of his surviving wife. *Wellons* v. *Jordan,* 83 N. C., 371. The words used in *Gray* v. *West,* 93 N. C., 442 : " Arey Gray is to have her support out of land," were held not to constitute a charge on the *corpus* of the land, but a right to get her support "out of the rents of it, or the use or occupation thereof."

It affirmatively appears, that the devisee during his life, met the requirements of the will, in taking care of his mother, and the plaintiff herself received all the fruits and product of the land accruing thereafter, while in her charge and at her expense, so that, unless the substance of the land is to be used by conversion into money, to supply the inadequacy, the beneficiary has had the use of the land.

Nor is it suggested that the defendant, Charlotte, who as heir of her father, the devisee, succeeded to the inheritance, ever refused or neglected to provide for her grand-mother, as he had before done. The plaintiff, actuated it would seem, by an apprehension that she would not be as well taken care of, and might

suffer from inattention, took her home, and was content to have the profits of the property applied to her maintainance, not demanding further compensation for her services and expenditures in that behalf. We see no ground whatever upon which the claim now asserted against the land, or against the defendants, can be sustained. There is no underlying agreement, expressed or implied, by which the plaintiff can, by doing what the owner of the land is required to do, substitute herself in place of the beneficiary, and enforce her rights as against it. Moreover all the immediate rents and profits have been thus applied, and so far as appears, were sufficient and satisfactory compensation to the plaintiff. But if inadequate, it was all that the land could yield, and is the full measure of the plaintiff's claim against it.

We therefore sustain the ruling of the Court and declare there is no error, and the judgment of non-suit must be affirmed.

No error. Affirmed.