D. D. BURLEYSON et al. v. LLOYD WHITLEY.

*Will—Conditional Devises—Lapsed Legacy.*

A testatrix gives and devises her whole estate for the support of her mother during her life. She further provides that "if L. W. will stay on my land and rent as much as he can well manage, and pay the customary rent for mother E. M.'s support, so long as she lives, then at her death I give and devise to him, the said L. W., my Bird place," &c. * * * She further disposes of all that may be left at her mother's death. Her mother died before the testatrix; *Held,* That the devise was for the benefit of the mother, and intended to be a remuneration for what the devisee might do for her, and the devise falls with the object for which it was made.

(*Nunnery* v. *Carter,* 5 Jones Eq., 370; *Lefler* v. *Rowland,* Phil. Eq., 143; *Woods* v. *Woods,* Busb., 290, *Whitehead* v. *Thompson,* 78 N. C., 450; *McNeely* v. *McNeely,* 82 N. C., 183; *Willons* v. *Jordan,* 83 N. C., 371; cited and approved).

This was a CIVIL ACTION, tried before *Boykin, Judge,* at Fall Term, 1886, of STANLY Superior Court.

The land in dispute belonged to Rebecca L. Mann, who died leaving a will, which was admitted to probate on March 20, 1883. The dispositions made of her property therein are as follows:

"I give and devise to my beloved mother, Elizabeth Mann, my whole estate, both personal and real, or for it to be put to the use of taking ("care of" evidently omitted) her. She cannot manage it. I want my executor, Travis Redwine, to take my whole estate, both personal and real, in hand and pay himself out of it, and pay some person to take care of mother, Elizabeth Mann, and see that she is taken care of right. If one does not use her right, try another. Rent my land if you can for her support.

"If Lloyd Whitley will stay on my land and rent as much of it as he can well manage, and pay the customary rent for

mother, Elizabeth Mann's, support so long as she lives, then at her death, I give and devise to him, the said Lloyd Whitley, my Bird place, fifty-seven acres of land, to have and to hold to him, the said Lloyd Whitley, I will and bequeath to him henceforth and forever; but if he does not rent and stay on my land so long as she lives, if any other person that she wants will rent it, then the same way, I then give and devise to them whosoever it may be, my Bird place, fifty-seven acres of land, to have and to hold to them forever. But if no one will not rent my land, sell it as she needs it. Sell the Bird place first and see that mother is treated right and has plenty, so long as she lives. After paying my executor, and mother has all she wants as long as she lives, then if there be anything yet left, it is then to be divided into five parts. I then give and devise to Louisa Burleyson two fifths of it all, to have and to hold to her, the said L. A. Burleyson, I will and bequeath to her henceforth and forever. I then give and devise to Joseph S. Burleyson, one fifth, to have and to hold to him, the said J. S. Burleyson, I will and bequeath to him henceforth and forever. I then give and devise to Elizabeth A. Burleyson one fifth, to have and to hold to her, the said E. A. Burleyson, I will and bequeath to her henceforth and forever. I then give and devise to sister Jane Burleyson one fifth, to have and to hold to her, the said Jane Burleyson, I will and bequeath to her so long as she lives; then it is to be equally divided between L. A. Burleyson, J. S. Burleyson and E. A. Burleyson. In witness," &c.

The agreed facts, out of which in the construction of the will the controversy arises, are these:

The plaintiff E. N. J. Burleyson, designated as sister Jane by the testatrix, is her sole heir at law as well as devisee, and the other infant plaintiffs, also devisees, are children of Jane. The defendant, at the death of the testatrix, was residing on the Henry land, also belonging to her but not

·specifically mentioned in the will, and five or six months afterwards moved to and has since occupied the Bird tract, to await the judicial construction of the clauses of the instrument relating to himself, and the determination of the question of title thereto. Elizabeth the mother, and Rebecca the testatrix, died on the same day, the former two hours before the latter.

If upon these facts, in connection with the proper interpretation of the will, the Court shall be of opinion that the plaintiffs are entitled to recover the land in defendant's possession, then it is agreed judgment shall be entered for the plaintiffs, otherwise for the defendant.

The Court rendered judgment for the plaintiffs and the defendant appealed.

*Messrs. M. S. Robbins* and *S. J. Pemberton,* for the plaintiffs.
*Mr. J. A. Lockhart,* for the defendant.

SMITH, C. J., (after stating the case). The instrument to be interpreted has been drawn by an unskillful hand, but it discloses throughout a predominant purpose to make ample provision for the comfort and convenience of the mother of the testatrix during her remaining life, and this even, if necessary, to the extent of consuming the entire estate. To assure care and attention to her wants, and the continued residence of the defendant upon another tract and an appropriation of rents for so much as he may be able to cultivate of it to the mother's support, she devises at her mother's death, the Bird tract to the defendant in fee simple. The defendant did remain on the land until the death of Elizabeth, which occurred just before that of the testatrix, thus dispensing with the conditional requirements of the devise, ·or rather, rendering their performance impossible.

Now under these circumstances, does the devise to the defendant fail altogether, or is it relieved of the super-imposed

burdens and rendered absolute? This is the question to be solved.

The inquiry is not embarrassed with the ruling in cases where a preceding limited estate to one, lapses by the donee's death before that of the testator and lets in the remainder at once as a *present estate*, as is held in *Billingsley* v. *Harriss*, 17 Ala., 214. Here the beneficial purposes are united with the devise itself, the one being the consideration and inducement for the other.

In *Nunnery* v. *Carter*, 5 Jones Eq., 370, the bequest was to a son, "provided he take care of his mother; if not, to be whose that does take care of her." She died in the life-time of the testator, her husband. It was decided that "the legacy vested and was relieved of the burden imposed by the event, for the reason that the *condition was not the sole* motive of the bequest." BATTLE, J., in the opinion, quotes with approval from 2 Williams Executors, 786, in which the latter says, "with respect to conditions precedent which are impossible, a different rule is applicable to bequests of personal property from that which is prevalent respecting devises of realty. By the common law of England, if a condition precedent is impossible, as to drink up all the water in the sea, the devise will be void," adding that, "when a condition precedent to the vesting of a legacy is impossible, the bequest is single, that is discharged of the condition," &c. The Court however, annex a further limitation, that the legacy will be "void only when the impossible condition is the sole motive of the bequest."

This ruling was affirmed soon after in *Lefler* v. *Rowland*, Phil. Eq., 143, where the testator left the greater part of his estate to his son, coupled with the qualification that he "should live with me my life-time and in case he will do so and help me pay all my just debts and demands against me and treat me and his mother with humanity and kindness," &c.

The son died before the father, and it was declared that as "it appears that the *sole motive* with the testator for leaving the greater part of his estate to his son John, to the exclusion of all his other children, was that John should live with him and *help him pay his debts* as well as treat his parents with 'humanity and kindness,' the intervention of the act of God rendering the performance of 'the condition upon which he was to have the property,'" impossible, no interest vested which could be transmitted to his issue under the statute. Rev. Code, ch., 119, sec. 28.

Our case is not affected by the rulings in *Woods* v. *Woods,* Busb., 290, where land was devised with a charge of $300 to be paid to one who died in the testator's life-time, and in *Whitehead* v. *Thompson,* 79 N. C., 450, where land devised was charged with similar payment to be made to others who died before the testator, since in these cases the legacies, though charged, are distinct, and had lapsed so as to divest the estate of the incumbrances. We refer to some other adjudications having an indirect bearing upon the case : *McNeely* v. *McNeely,* 82 N. C., 183; *Willons* v. *Jordan,* 83 N. C., 371.

These cases, with our own reasoning, conduct us to the conclusion reached by the Court, that as the devise was entirely for the benefit of the mother, and intended to be a remuneration only for what the devisee might do in her behalf, the devise falls with the object for which it was made.

There is no error. Judgment affirmed.

No error.                      Affirmed.