# Crenshaw v. Crenshaw, *et al.*

*Proceedings in Probate Court to compel Final Settlement of Administration and Distribution of Estate.*

1. *Settlement of administration; probate court without jurisdiction when will creates trust in executor.*—Where a will creates a testamentary trust in the person named as executor, the probate court is without jurisdiction to compel a final settlement of the administration and a distribution of the estate by the executor; the chancery court alone having jurisdiction therefor.

2. *Construction of will; creation of trust.*—Where in a will, after making her several bequests, the testatrix directs that the share to a certain named devisee, who was a minor, should be held by the executor until the said devisee became of age, the income in the meantime to be paid to or for said infant, and then, after naming the executor and excusing him from giving bond, the testatrix directs that said executor shall have power, in executing the will or making distribution of the estate, to sell any or all of the property at public or private sale as he deems best, or he may make the distribution in kind, in whole or in part, and so long as he retains possession of the infant devisee's share of the estate he can invest and sell and reinvest it as he sees fit, there is created a testamentary trust in the executor.

APPEAL from the Probate Court of Perry.

Heard before the Hon. J. B. SHIVERS.

On September 15, 1898, L. W. Crenshaw, the appellant, filed in the probate court of Perry county, a petition in which he averred the following facts: On April 30, 1893, Lucy A. Crenshaw died owning real and personal property in Perry county, Alabama, and in the State of Georgia. She left a last will and testament which was duly probated in Georgia and in Perry county, Alabama. There was named the several parties who were legatees and devisees under said will.

Among them was Frank C. Fox, the grandson of the testatrix, whose share in said will was one-twelfth of the entire property of the testatrix, and it was provided in the will that the share of said Frank C. Fox was to be retained by the executor until said Fox became of lawful age. W. T. Crenshaw was named in the will as executor. Since the probate of the will, the petitioner, L. W. Crenshaw, had purchased from said Fox all of his interest in the estate of Lucy A. Crenshaw, deceased, as legatee and devisee under said will. More than eighteen months has passed since the will was probated, on May 5th, 1893. It was then averred in the petition that said W. T. Crenshaw had in his hands as executor more than sufficient to pay over to the petitioner the amount to which he was entitled as purchaser of the interest of said Frank C. Fox, and that there should be a final settlement of the administration of the estate of the executor.

The prayer of the petition was for a final settlement of the administration in the probate court of Perry county, and for the payment to the petitioner of that part of the estate of the testatrix to which he was entitled under said will. To this petition the defendant, W. T. Crenshaw, as executor of the last will and testament of Lucy A. Crenshaw, deceased, filed two special pleas to the jurisdiction of the court, which were as follows: "1st. That the lands named in the third section of said answer can not be equitably partitioned or divided between the legatees and devisees named in the will, without a sale thereof, and that he has made diligent effort to sell the said lands for the purpose of distributing the proceeds among said devisees, but has no offer of purchase of said lands which was not greatly disproportionate to the fair value.

"2d. That the will of Lucy A. Crenshaw, under which this defendant qualified, conferred on this defendant the power to sell and distribute, or to make the distribution in kind, that under said power it became the duty of this defendant to execute the trust in the manner provided for in the will, and this court has no jurisdiction to hear and decree the execution of the trust."

The petitioner moved to strike these pleas from the file, and also demurred to them upon the ground that neither of the pleas showed any reason why the court could not and should not assume jurisdiction of the settlement. This motion and demurrer were overruled, and the court rendered a decree sustaining the plea to the jurisdiction of the court and ordering the petition dismissed. From this decree the petitioner appeals, and assigns the rendition thereof as error.

DeGraffenried & Evins, for appellant.—In this cause, to decide whether or not the court had jurisdiction, it was necessary for the judge of the court to use his judgment and discretion in determining whether or not the will of Mrs. Crenshaw contained a trust. He did use such discretion, and that being the case, he can not be controlled in the exercise of his discretion, having taken action, by mandamus.—*Ex parte Dickson,* 64 Ala. 188; *Ex parte Shaudies,* 66 Ala. 134; *Ex parte Mahone,* 30 Ala. 49; *Ex parte Echols,* 39 Ala. 698; *Ex parte City Council,* 24 Ala. 100; *United States v. Guthrie,* 17 How. 304; 14 Amer. & Eng. Encyc. of Law, (1st ed.) 98, 99, 108.

The fifth section of the will of Mrs. Crenshaw did not create a trust. It was a mere personal confidence reposed in W. T. Crenshaw. The will did not confer powers that could have been exercised by an administrator *de bonis non.* They were conferred only on "my son, William T. Crenshaw," and were the result of mere personal confidence and not executorial duties attached to the office of executor.—*Ex parte Dickson,* 64 Ala. 188; 18 Amer. & Eng. Encyc. of Law (1st ed.) 889, note 2; 890, note and authorities; 27 Amer. & Eng. Encyc. of Law (1st ed.) 43.

Satterfield & Young and James H. Stewart, *contra.*—If the will created a personal trust in the executor as such, the probate court had no jurisdiction to compel the final settlement of the estate.—*Hinson v. Williamson,* 74 Ala. 180; *Johnson v. Longmire,* 39 Ala. 143; *Harrison v. Harrison,* 9 Ala. 470.

[Crenshaw v. Crenshaw *et al.*]

A discretionary power, resting in personal confidence, is a personal trust.—*Tarver v. Haines,* 55 Ala. 503. As personal trusts do not come under section 1060 of the Code, the construction which has been placed upon that section, will aid in determining whether the will confers a naked power or a personal trust. If the will gives the executor only a naked power to sell, the case, as far as the land is concerned, would come under that section, and a succeeding administrator with the will annexed, would have the same power that the executor has. But if the will shows that the testatrix reposed special confidence in the executor, and left something to his *judgment* and *discretion,* the power is not a naked one, but is a personal trust, and that section of the Code would not apply, and the probate court would not have jurisdiction to settle the estate.—*Anderson v. McGowan,* 42 Ala. 280; *Tarver v. Haines, supra; Mitchell v. Spence,* 62 Ala. 450; *Robinson v. Allison,* 74 Ala. 254.

SHARPE, J.—The will of Lucy A. Crenshaw directs that a division of her property, real and personal, be made in certain named proportions among her children and grandchildren, and that in the division advancements be charged against certain of the beneficiaries in amounts designated. Frank C. Fox, a grandson of the testatrix, was given one-twelfth of the entire property and has transferred his interest in the estate to the appellant, whose ownership thereof is not questioned, and who seeks by petition in the probate court to compel a final settlement and distribution of the estate.

By way of showing cause against the petition the executor pleads a want of jurisdiction in the probate court to compel or make the distribution on account of the existence of certain executorial trusts defined in the following parts of the will: "Item third. The share given to my grandson Frank C. Fox will be held by my executor until said Frank becomes of lawful age, but in the meantime the income or so much thereof as may be necessary, my executor will pay to or for said

Frank. * * * Item fifth. I appoint my son William T. Crenshaw executor of this will. He shall not be required to give bond and he shall have power to sell any or all of the property at public or private sale as he may deem best in executing the will and making distribution of the estate, or he may make the distribution in kind, in whole or in part. So long as the share of Frank C. Fox shall remain in his hands, he may invest and sell and reinvest it in such manner as he may deem best."

It was long ago said by this court with reference to the jurisdiction of the orphans' court to which the probate court has succeeded that it "does not seem to extend to cases where trusts are created by will, when the litigation is between the *cestuis que trust* and the executor as trustee."—*Harrison v. Harrison,* 9 Ala. 470. And in *Billingsley v. Harris,* 17 Ala. 214, it was held that a will which gave the executors power to give certain property to such children of the testator as they should "think fit and proper" created a confidential trust of which the orphans' court had no jurisdiction. The same principle is recognized in later cases cited *post,* as applicable to the probate court.

Testamentary trusts are sometimes created in the person named as executor which, because they are merely collateral to the administration of the estate, do not embarrass a settlement of the executorship proper in the probate court. They are such as do not pertain to the executorship, but are personal in their nature, and might as well be committed to one not the executor. The jurisdictional question arising in such cases are discussed in *Ex parte Dickson,* 64 Ala. 188; *Hinson v. Williamson,* 74 Ala. 180; *Foxworth v. White,* 72 Ala. 224; *Harland v. Person,* 93 Ala. 273; *Pinney v. Werborn,* 72 Ala. 58; and *Creamer v. Holbrook,* 99 Ala. 52.

Whether the executorship may be treated as distinct from the trust and so separately administered in the probate court depends not upon whether the trust is personal to the executor in the sense that it could not be exercised by an administrator *cum testamento annexo,* as might be inferred from the reasoning employed in some of the cases referred to, but the test lies

rather in the degree in which the powers of the trust are ulterior to those pertaining to the administration of the estate generally. See Woerner's Am. Law of Administration, pp. 346, 504.

Powers are given by Mrs. Crenshaw's will beyond those which the law attaches to the office of an executor. The selection of the mode of division, the selection of property to go to each beneficiary in case of a division in kind, determining the mode and terms of sale if a sale was to be resorted to, and likewise the management of Frank C. Fox's share were each contemplated acts involving a discretion which the law independent of the will does not give, and which must have been reposed in confidence personal to the executor named. *Mitchell v. Spence*, 62 Ala. 450.

So much of the trust as involves the sale, investment and disposition of Fox's interest after its segregation from the general mass of property may be deemed collateral to the executorship, but that fact does not relieve the condition resulting from other powers which relate to division and distribution of interests which is the main object of this petition. They are powers which the probate court cannot withdraw from the executor by compelling a settlement and distribution regardless of their existence and the exercise of which the court of chancery alone has jurisdiction to control.

The order appealed from will be affirmed.