W. JOHN ASKEW v. BERNARD DILDY ET AL.

(Filed 10 September, 1924.)

**Wills—Devises—Lapsed Legacies—Statutes—Death of Beneficiary in Lifetime of Testator.**

A devise to the son of a portion of the testator's lands, who died during the life of the testator, leaving children who survive the testator, does not lapse, but goes to his children, the grandchildren of the testator, at the latter's death, under the provisions of C. S., 4168, no contrary intent of the testator appearing by a construction of his will.

APPEAL by plaintiff from *Devin, J.,* at Spring Term, 1924, of GATES. Special proceeding, for partition of lands, brought by plaintiff, purchaser of the interests of the surviving children and widow of J. T. Dildy, against the defendants, surviving children of C. P. Dildy. The lands sought to be partitioned were owned by J. T. Dildy at the time of his death, and devised by him under his last will and testament.

From a judgment sustaining a demurrer the plaintiff appeals.

*A. P. Godwin and Ehringhaus & Hall for plaintiff.*
*T. W. Costen and McMullan & Leroy for defendants.*

STACY, J. The case involves a construction of the will of J. T. Dildy.

In the first item of his will the testator left approximately one-half of his estate to his son, C. P. Dildy, adding the following words immediately after the devise: "But it is understood that said C. P. Dildy, after my death, is to take care of my wife, M. Susan Dildy, and to furnish her all the necessaries of life, and after her death to give her a decent burial at his expense."

The second item reads as follows: "I give and bequeath unto the rest of my legal heirs the balance real estate, to be equally divided between them in any way they see fit, by sale or division."

C. P. Dildy was living with his father at the time the will was made, but died during his father's lifetime, leaving a widow and four children him surviving. The other children of the testator take under item two of his will.

The plaintiff contends that as C. P. Dildy predeceased his father the devise to him lapsed; and that as it embraced a large portion of the testator's estate, the whole will should be declared void. *Burleyson v. Whitley,* 97 N. C., 295. Plaintiff has acquired by purchase the interests of all the heirs of J. T. Dildy in the lands owned by him at the time of his death, except such as may be held by the children of C. P. Dildy.

The defendants, on the other hand, who are the surviving children of C. P. Dildy and grandchildren of the testator living at his death, contend that, by reason of the provisions of C. S., 4168, the devise in fee to their father never lapsed, but that they take the same, by purchase, under the will, in such proportions and estates as they would have acquired it by descent, had their father died solvent and intestate, immediately after the death of the testator, without leaving a widow or representatives of a deceased child or children. The terms of this statute are as follows:

"When any person, being a child or other issue of the testator, to whom any real or personal estate shall be devised or bequeathed for

any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the death of the testator, such devise or bequest shall not lapse, but shall take effect and vest a title to such estate in the issue surviving, if there be any, in the same manner, proportions and estates as if the death of such person had happened immediately after the death of the testator, unless a contrary intention shall appear by the will."

The only land claimed by the defendants is that devised to C. P. Dildy in the first item of the will. It is conceded that if the position of the defendants be correct, they are the sole owners of the land claimed by them, and the judgment sustaining the demurrer should be affirmed. But it is the contention of the plaintiff that a "contrary intention appears from the will," and hence the devise should be held to have lapsed.

We are unable to discover from the will such a contrary intention on the part of the testator as to render the statute inoperative in the instant case. *Cox v. Ward,* 107 N. C., 507. The devise in fee to C. P. Dildy was not upon a condition precedent, as was the case in *Lefler v. Rowland,* 62 N. C., 143, cited and strongly relied upon by plaintiff. *Wellons v. Jordan,* 83 N. C., 371. Nor is it necessary for us presently to say whether the provision for maintenance and decent burial amounts to a personal obligation on the devisee (*Lumber Co. v. Lumber Co.,* 153 N. C., 49), a charge on the rents and profits from the land (*Wall v. Wall,* 126 N. C., 405), or a charge on the land itself (*Helms v. Helms,* 135 N. C., 171). *Fleming v. Motz,* 187 N. C., 593; *Bailey v. Bailey,* 172 N. C., 671. M. Susan Dildy, widow of the testator, is not a party to this proceeding, and the plaintiff has no partitionable interest in the land devised by J. T. Dildy to his son, C. P. Dildy, and now held by the children of the said C. P. Dildy, defendants herein.

The question is not presented on the instant record as to whether the children of C. P. Dildy, who are grandchildren of the testator, take any interest in the remaining lands under item two of the will. But this would seem to be involved in no serious doubt as to its proper solution. If the devise to C. P. Dildy is to take effect and vest a title in his surviving issue "in the same manner, proportions and estates as if the death of such person had happened immediatly after the death of the testator," then the children of C. P. Dildy apparently take their father's place as devisee under the will, and stand in his shoes as such. In this case they would not be among the "rest" of the testator's legal heirs.

No error having been made to appear, the judgment of the Superior Court must be upheld.

Affirmed.