A. H. PATTERSON AND HIS WIFE, LOIS PATTERSON, v. C. T. BRANDON.

(Filed 31 January, 1946.)

**1. Wills § 33c—**

The law favors the early vesting of estates.

**2. Same—**

Testator devised real estate to his wife for life, remainder to his sister "if she looks after and takes proper care of my beloved wife," without limitation over. *Held:* Testator's sister took a vested remainder and the language of the proviso was insufficient to work a forfeiture upon the failure of the remainderman to take care of testator's wife.

APPEAL by defendant from *Carr, J.,* 30 July, 1945, in Chambers, in ALAMANCE.

This is an action brought under the Uniform Declaratory Judgment Act, G. S., Art. 26, sec. 1-253, for the purpose of interpreting the last will and testament of W. P. Ingle, deceased, to determine whether the plaintiffs have a good and indefeasible title in fee simple to the property devised in said will. It is admitted that W. P. Ingle, at the time of his death, was seized and possessed of a fee simple title to said property.

The will of W. P. Ingle was probated 19 August, 1930. The testator devised a life estate in the land in controversy to his wife, Mollie Ingle, and the remainder to his sister, Addie Shoe, in the following language: "And at my beloved wife, Mollie Ingle's death, the remainder to go to my sister, Addie Shoe, if she looks after and takes proper care of my beloved wife, Mollie Ingle."

An action was instituted 1 October, 1935, in the Superior Court of Alamance County by Mollie Ingle against Mrs. Addie Shoe and her husband, J. W. Shoe, in which the plaintiff alleged that the said Addie Shoe had not provided for her according to the terms of the will of W. P. Ingle, and praying for judgment that the defendants had forfeited all their right, title and. interest in and to the W. P. Ingle property. A consent judgment was entered 9 April, 1940, reciting that a settlement had been reached in the action at May Term, 1937, whereby the said Addie Shoe and her husband, J. W. Shoe, executed and delivered to Mollie Ingle for a consideration of $1,500.00 a deed dated 26 May, 1937, conveying to her all their right, title and interest in and to said property, and providing further that in view of said settlement the parties were consenting to a nonsuit in said action.

Subsequently, Mollie Ingle conveyed the Ingle land to Dr. R. E. Brooks and wife, Lucy Brooks, by deed dated 1 January, 1940, containing full covenants and warranties. Thereafter, on 10 January, 1941, Dr. Brooks and wife conveyed said land to the plaintiffs by a deed also containing full covenants and warranties. All the above deeds are duly recorded in the office of the Register of Deeds of Alamance County.

The plaintiffs subdivided the property into lots and the defendant contracted to pay $1,400.00 for two of said lots, but refused to accept plaintiffs' deed for the property, upon the ground that the plaintiffs could not convey a good and indefeasible title thereto.

The court being of the opinion that the plaintiffs are the owners of a good and indefeasible title in fee simple to said property, and that the defendant should accept plaintiffs' deed and pay for the property according to the terms of his contract, judgment was entered accordingly, and the defendant appealed.

*Thos. C. Carter for plaintiffs.*
*J. Elmer Long and Clarence Ross for defendant.*

DENNY, J. The appellant contends that the devise of the remainder in the Ingle property to Addie Shoe, was subject to the proviso: "If she looks after and takes proper care of my beloved wife, Mollie Ingle," and that this proviso is a condition precedent, which condition was never performed and therefore title never vested in her. If this contention is correct, then the deed from Addie Shoe and her husband, J. W. Shoe, to Mollie Ingle did not convey the remainder in said property and Mollie Ingle's deed to Dr. and Mrs. Brooks conveyed nothing more than her life estate; and the deed from Dr. and Mrs. Brooks to the plaintiffs would likewise be so limited.

We do not so hold. The law favors a vesting of estates and we think Addie Shoe took a vested remainder in the land devised under the terms of the will of W. P. Ingle. And, since the will contains no limitation over upon the failure of the devisee to take care of the testator's wife, we do not think the language used in the above proviso sufficient under our decisions, to work a forfeiture of the estate upon the failure of the devisee to take care of the wife. *Oxford Orphanage v. Kittrell,* 223 N. C., 427, 27 S. E. (2d), 133; *Church v. Refining Co.,* 200 N. C., 469, 157 S. E., 438; *Marsh v. Marsh,* 200 N. C., 746, 158 S. E., 400; *Cook v. Sink,* 190 N. C., 620, 130 S. E., 714; *Hall v. Quinn,* 190 N. C., 326, 130 S. E., 18; *Askew v. Dildy,* 188 N. C., 147, 124 S. E., 124; *Allen v. Allen,* 121 N. C., 328, 28 S. E., 513; *Misenheimer v. Sifford,* 94 N. C., 592; *McNeely v. McNeely,* 82 N. C., 183.

In *McNeely v. McNeely, supra,* where the testator devised all his property to his wife for life and then devised the remainder as follows: "I give all the lands that I have to my son Billy . . . at the death of his mother, by him seeing to her." Billy predeceased his mother, but it was held that he took a vested remainder in the property and that the words, "by him seeing to her," did not operate as a condition to terminate or impair his estate. A similar conclusion was reached in the case of *Misenheimer v. Sifford, supra,* where the testator devised certain property to his son, "Provided he maintain his mother during life comfortably, and shall give her houseroom and firewood, and all necessaries of life, during her life or widowhood." Likewise, in the case of *Allen v. Allen, supra,* the will provided: "If my son R. J. Allen will agree to live at my residence that I have left my wife during her life, at her death, if my son R. J. Allen shall think proper to pay $2,000.00 for all the land and residence that I left to my wife during her life, he shall have the privilege of doing so, and he shall have a fee simple right and title to it to him and his heirs forever." This Court held the devisee, R. J. Allen, took a vested remainder in fee, charged with $2,000.00.

We need not determine whether the above proviso was sufficient to create more than a moral obligation on the part of the devisee to render aid and assistance to the widow of W. P. Ingle. We do hold, however, that it was insufficient, if broken, to divest Addie Shoe of the interest devised to her under the will of her brother, W. P. Ingle. Therefore, the deed from Addie Shoe and her husband, did convey the remainder to Mollie Ingle, the holder of the life estate, thereby giving her a good and indefeasible title to the property. Consequently, the plaintiffs, now holding the property through *mesne* conveyances from Mollie Ingle, have a good and indefeasible title in fee simple to said property.

The judgment of the court below is
Affirmed.