DELLA BULLOCK WIMBERLY, GRACE P. SCARBORO, BENNIE PATE, JAMES CARL SMITH, EVA BULLOCK MOORE, BLANCHE BULLOCK WAGONER, VALLIE BULLOCK KEITH, MACK BULLOCK, ILA BULLOCK COOK, NOEL D. BULLOCK, CLAYBORN BULLOCK, CLIFTON BULLOCK, EDWARD M. BULLOCK, NED BULLOCK, EMILY BULLOCK RIDDLE, LESTER BULLOCK, ALDA BULLOCK WILSON, J. M. BULLOCK, ELVA BULLOCK POWELL, HOWARD BULLOCK, AGNES BULLOCK BASS, COY W. BULLOCK, MARY BULLOCK SMITH, BENTON T. BULLOCK, LEWIS A. BULLOCK, AND SUCH OTHERS OF THE HEIRS AT LAW OF THE LATE J. M. BULLOCK, DECEASED, WHO MAY DESIRE TO COME AND MAKE THEMSELVES PARTIES PLAINTIFF HEREIN V. CHARLES V. PARRISH, PERCEY J. PARRISH, CARLIE F. PARRISH, WILLIAM PARRISH, WOODROW PARRISH, RUBY P. HEDRICK AND ALICE P. RAYNOR, HEIRS AT LAW OF JAMES MAYLON PARRISH, DECEASED.

(Filed 14 December, 1960.)

**1. Trial § 25—**

Upon intimation of opinion by the court adverse to plaintiff on the law upon which the action is founded, or the exclusion of evidence offered by plaintiff which is necessary to make out his case, plaintiff may submit to nonsuit and appeal.

**2. Wills § 33c—**

The will in suit devised and bequeathed to testator's wife all of his property for life and directed that at her death the property should go to a designated person provided he should stay with and take care of testator's wife, otherwise the property should go to testator's heirs. *Held*: The condition involved duties in the nature of consideration and whether the condition was fulfilled could not be determined prior to the death of the life tenant, and therefore the condition was a condition precedent and the limitation over was contingent.

**3. Same—**

So long as there is an uncertainty as to the person or persons who will be entitled to enjoy a remainder, the remainder is contingent.

**4. Same—**

Where the evidence is conflicting as to whether a contingent remainderman had performed the duties imposed upon him as a condition precedent to the vesting of title in him, the issue is for the jury.

APPEAL by plaintiffs from *Hooks, S. J.,* July "A" Civil Term, 1960, WAKE Superior Court.

Civil action instituted on July 12, 1957, by the plaintiffs who are next of kin and heirs at law of J. M. Bullock, Deceased, against the defendants who are the next of kin and heirs at law of James Maylon Parrish, Deceased.

The controversy involves the title and right to possession of a

tract of land devised by J. M. Bullock in his will executed on December 10, 1916. Item 2 of the will provided:

> "I give and devise to my beloved wife L. E. Bullock all that tract of land that I now Reside on containing 30 acres more or less lying and being in the County of Wake near Kennebec also all of my personal property consisting of Horses Mules Wagons Buggys Cows Hogs or any other property that I may possess, at my death all of the above property I give to her for her natural life only and at her death all the above property I give to James Maylon Parrish a criple whom I have taken to Raise provided the said James Maylon Parrish shall stay with my wife and take care of her at my death other wise my property shall *decent* to my next of Kin."

J. M. Bullock died January 19, 1945. The widow, L. E. (Evie) Bullock, died October 25, 1956. No children were born of the marriage. James Maylon Parrish died on May 5, 1957. He was never married.

The plaintiffs allege in substance that for a number of years prior to her death, the widow, L. E. Bullock, was an invalid suffering from cancer and a mental disorder. During her later years she was in constant need of attention; that James Maylon Parrish, knowing of her need, was absent for long periods of time, frequently left her without food or water, causing her needless suffering; and that he failed to perform the conditions set forth in the will upon which depended his right to claim any interest thereunder. The plaintiffs pray that they be declared to be the owners in fee and entitled to the immediate possession of the land involved.

The defendants filed a demurrer upon the ground the will, made a part of the complaint, showed that James Maylon Parrish took a vested remainder in the lands described in Item 2 of the Bullock will and that the facts alleged could not work a forfeiture of his interest as remainderman. After the demurrer was overruled, the defendants answered, claiming that the vested remainder could not be defeated and denying that James Maylon Parrish failed to perform any condition of the will; that the defendants, his heirs, are now owners in fee. As a further defense, the defendants alleged that James Maylon Parrish rendered services to the testator and his wife and made improvements on the land reasonably worth $10,000. The defendants prayed that they be declared to be the owners and entitled to the possession of the land involved.

The evidence introduced by both parties was sharply conflicting

on the question whether James Maylon Parrish had complied with the proviso in the will. At the conclusion of all the evidence the court intimated it would give the jury peremptory instructions in favor of the defendants and upon such intimation the plaintiffs submitted to a nonsuit and appealed, assigning error.

*Dupree & Strickland, by Franklin T. Dupree, Dupree, Weaver, Horton & Cockman, By: F. T. Dupree, Jr., for plaintiffs, appellants.*
*William B. Oliver, Thomas A. Banks for defendants, appellees.*

HIGGINS, J.  When, at the close of the evidence, the court intimated it would give the jury peremptory instructions to find for the defendants, the plaintiffs then had the option of waiting for the instructions, excepting to them and to the judgment and then appeal. Or, they could submit to a nonsuit and appeal. They chose the latter course. The procedure followed is amply supported by our decisions. *Justice Denny,* in *Rochlin v. Construction Co.,* 234 N.C. 443, 67 S.E. 2d 464, states the rule: "And where a judge intimates an opinion on the law which lies at the foundation of the action, adverse to the plaintiff, or excludes evidence offered by the plaintiff which is material and necessary to make out his case, he may submit to a nonsuit and appeal." (Citing many cases.)

In view of our decision in the case we refrain from discussing the evidence, except to say it was conflicting and sufficient to present a jury question whether James Maylon Parrish, after the testator's death in 1945, met the conditions, the fulfillment of which qualified him to take under the will. The date of the will and other evidence indicate both the testator and the widow, at the former's death in 1945, had reached somewhat advanced age.  They were childless, though at the time the will was executed James Maylon Parrish had been taken into the home.

From an examination of the will, it is obvious the testator's primary purpose was to provide for his wife. At the beginning of the dispositive item of the will, he said: "I give and devise to my beloved wife L. E. Bullock all that tract of land . . . also all . . . other property that I may possess, at my death all of the above property I give to her for her natural life only and at her death all the above property I give to James Maylon Parrish . . . provided the said James Maylon Parrish shall stay with my wife and take care of her at my death other wise my property shall *decent* to my next of Kin."

We think it was the intent of the testator that James Maylon Parrish, in no event, should take or receive any interest prior to the

termination of Mrs. Bullock's life estate, and then only provided he had stayed with and taken care of her until the time of her death. In the event of his failure to fulfill the condition, the estate should go to his next of kin. Hence, the final taker could be determined only at the end of the life estate. This being so, the will does not give a vested remainder to James Maylon Parrish. "So long as there is an uncertainty as to the person or persons who will be entitled to enjoy a remainder, it is contingent." *Power Co. v. Haywood,* 186 N.C. 313, 119 S.E. 500. This construction is supported by the provision following. The primary and controlling purpose as gathered from the will was the intent of the testator to see to it that his widow, so long as she lived, had proper care and attention. The evidence is undisputed the widow's physical and mental condition in her declining years was such as to require someone to stay with and care for her. The evidence was sharply conflicting whether Parrish had performed these duties as required by the will. Compliance with its terms was a condition precedent to his taking under it. The disposition over to the next of kin distinguishes this case from those cited by the appellees. As stated by this Court in *Tilley v. King,* 109 N.C. 461, 13 S.E. 936: "It is insisted that where the condition requires something to be done which will take time, it should be construed as a condition subsequent. But, says a writer of high authority, if there be 'a condition which involves anything in the nature of a consideration, it is in general a condition precedent.' " Fulfillment of the condition was required before the estate could vest. Not until the death of the life tenant could it be known whether the condition had been fulfilled. If fulfilled, the estate vested in Parrish. If not, it vested in the next of kin. See *Brittain v. Taylor,* 168 N.C. 271, 84 S.E. 280.

We have found some legal difficulty in answering the question whether the devise to James Maylon Parrish was upon condition precedent or on condition subsequent. If the former, a showing of substantial compliance with the condition was necessary to the vesting of the estate; if the latter, the estate vested subject to being divested upon a showing of breach of the condition. "If the estate is to arise or be enlarged upon the performance of the condition, then the condition is said to be precedent; if it is to terminate or be lost by nonperformance of the condition, then it is called a condition subsequent . . . The former fixes the beginning, the latter the ending of the estate." Thompson on Real Property (Perm. Ed.) Vol. 4, § 233, p. 554. We think it was the testator's intent, as gathered from the will, that an estate in James Maylon Parrish was not to vest until he

had stayed with the widow and taken care of her until the time of her death.

*Patterson v. Brandon,* 226 N.C. 89, 36 S.E. 2d 717, 163 A.L.R. 1150, and other similar cases cited are distinguishable in that the performance of the condition was not in the nature of compensation for the devise and there was no limitation over. In Mr. Bullock's will the condition was in the nature of consideration for the devise and in default of the consideration the will carried a limitation over to his next of kin. *Hall v. Quinn,* 190 N.C. 326, 130 S.E. 18; *Finley v. King,* 3 Pet. 346, 7 U.S. L. ed. 711. A quotation from the opinion in the case of *Adams v. Johnson,* 227 Pa. 459, 76 A. 174, seems especially appropriate: The testator willed his estate to his wife "until her death, after which balance to Anna Bell Adams . . . providing said Anna Bell Adams continue to live with said Mary Ann Arthur until death. . . . He intended, as his will discloses, that after the death of his widow the farm should go the plaintiff, 'providing said Anna Bell Adams continues to live with said Mary Ann Arthur until death.' This condition is expressed in apt words . . . When she complied with the condition attached to the devise itself, the title was to vest in her. If she did not comply with the condition, and did not continue to live with Mrs. Arthur until her death, the title did not vest . . . The language of the will and all the circumstances surrounding the parties leave no doubt that such was the intention of the testator. It was therefore incumbent on the plaintiff to show a compliance with the condition under which she took the estate before she could recover in this action." To the same effect is *Marston v. Marston,* 47 Me. 495.

The pleadings and the evidence were sufficient to raise the issue of fact whether James Maylon Parrish complied with the conditions in the will that he "shall stay with my wife and take care of her." That issue must be resolved by the jury.

Reversed.