Nash, C. J.
 

 The question argued at the bar does not arise in this case. It is not on a covenant but upon a devise, in which ,the question is generally one of intention. A covenant is a con
 
 *291
 
 tract under seal, made by the parties, in which they mutually state what is to be performed by each 5 and it is always important to ascertain from the covenant itself, in what order their several liabilities arise ; and where any thing is to be done by the plaintiff, before he can call on the defendant, it must be stated in the declaration, and proved as stated. Thus the plaintiff must allege the performance of a condition precedent, or show what is equivalent thereto. But in the construction of a devise, the rule is that the intention of the testator, collected from the paper, is to govern, unless contrary to law. In this case, the testator, Joseph Woods, devises to his grandson, Lambert Woods, a tract of land, “ provided the said Lambert Woods shall pay to my grandson, Eli Woods, son of John Woods, deceased, the sum of three hundred dollars.’’ Eli Woods died in the lifetime of the testator, and, as is admitted, without leaving any issue. The devise to Eli, the grandson of the testator, was a legacy of so much money, charged upon the land devised to Lambert, the lessor of the plaintiff. The word
 
 “
 
 provided ” does not render the devise a conditional one, to be defeatéd by his noncompliance. If Eli had survived the testator, the legacy to him would immediately, upon the death of the grandfather, have become vested in him, and not at all dependant upon the will or pleasure of Lambert, but would have attached upon the land itself, and could have been recovered of the lessor of the plaintiff. This construction is made manifest by the fact, that there is no devise of the land over to a third person, if Lambert should refuse to pay the three hundred dollars ; but it is an absolute devise to him. Upon the death of Eli without issue, in the lifetime
 
 of
 
 the testator, his legacy lapsed. If, however, its payment were a condition, its performance became impossible by the act of God. It is not intended to say a condition may not be annexed to a devisé : it may, but if its performance be rendered impossible by the act of God, it is excused. ■ Thus one devised to his daughter,
 
 on condition
 
 that she should marry the nephew of the testator, on or before he attained the age of twenty-one. The nephew died young, and the daughter never refused, nor was ever required to marry him : it was adjudged that the condition was not broken — it having become impossible by the act of God.
 
 Thomas
 
 v.
 
 Howell,
 
 1 Salk.
 
 *292
 
 170, 1 Inst. 206. The words there, are much stronger than in our case. It is impossible to suppose that it was the intention of the testator to deprive his grandson, Lambert, of the bounty-intended for him, if it should become impossible for him to pay to Eli his legacy. The estate of Lambert
 
 vested
 
 immediately upon the death of the grandfather, the devisor, without being subject to any condition whatever, but simply charged with the legacy to Eli.
 

 Per Curiam, Judgment affirmed.