JOS. E. CARTER and wife v. L. C. WORRELL et als.

*Wills—Legacy—Charge on Lands.*

A will in one clause devised a tract of land to the testator's son W. In another clause a pecuniary legacy to a daughter was made an express charge on this land, and in the same clause another tract of land was devised to another son, C, and a pecuniary legacy to another daughter, I. This last legacy was not made an express charge on the land devised to C, but the will provided that the son C should manage the entire estate, including the land devised to C, until the legatees and devisees arrived at full age, and that he should pay the legacy to I by installments; *It was held*, that the legacy to I was a charge on the land devised to C.

CIVIL ACTION, tried before *Shipp, Judge*, at Fall Term, 1886, of HERTFORD Superior Court.

It appears that James A. Worrell died, leaving a last will and testament, which was duly proved, of which the following is a copy:

"*Item* 1. I leave unto my wife Harriet, enough land, including houses, for a one-horse crop. I also give her one horse and buggy, and what farming utensils she may need to carry on a crop, including household and kitchen furniture, during her natural life or widowhood.

" *Item* 2. I give unto my son Walter, all the lands north of the main road dividing my farm, to him and his heirs forever, after the death of his mother.

" *Item* 3. I give unto my son Charles all the land south side of the road, to him and his heirs forever.

" It is my request that the farm, with stock, &c., may all remain together, and to be worked in common for the support and maintenance of my two youngest children, Ida and Walter, and their mother, until they shall arrive at the years of accountability—that is, all that part of the farm on the north side of the road—and that a certain part be set aside each year, amounting to one thousand dollars, to give my daughter Mary Bishop, after taking out what I have already given her. It is my request that my son Charles shall have all the management of settlement of my estate, and to pay off the legacy above given to the best advantage; and that he also pay unto my daughter Ida five hundred dollars, after giving her a good English education, payable in installments as he may think best.

" My interest in mill and cotton gin, I give to my sons Charles and Walter in common, and for the free use of my wife Harriet and farm so long as she may live."

The *feme covert* plaintiff was the daughter Ida of the testator, to whom he gave the pecuniary legacy of $500, as specified in *Item* 3 of his will, as set forth above. Charles Worrell was his son, to whom he devised the tract of land in the same clause, and he is dead, and the defendants are his widow, (to whom he conveyed the land in his life-time,) his heirs at law, and the administrator of his estate.

The action is brought by the *feme covert* plaintiff to secure the legacy in her favor mentioned, and to have the same declared to be a charge and lien upon the land devised to her brother Charles, as above said.

The defendants contend that if any part of said legacy of $500 remains unpaid, it is not a charge exclusively upon

the lands devised to Charles, but it would be a charge either exclusively upon the lands devised to Walter, or that the share of Walter would have to contribute *pro rata* with the share of Charles in the payment of whatever amount, if any, may be due the plaintiff Ida Carter.

The jury having found that the legacy had not been paid, the Court gave judgment for the *feme* plaintiff, declared the legacy a charge upon the land devised to Charles, the son of the testator, and directed a sale thereof if need be, &c.

The defendants excepted and appealed to this Court.

*Messrs. B. B. Winborne* and *W. D. Pruden,* for the plaintiffs.
*Mr. D. A. Barnes* for the defendants.

MERRIMON, J., (after stating the facts). The Court properly interpreted the provision in question of the will before us.

It is clear, we think, that the testator intended to give his land to his sons—one an infant and the other of full age—charged respectively with pecuniary lagacies in favor of their two sisters. That part of it situate on the north side of the road, which it seems made a covenant line of division, he devised to Walter "after the death of his mother," charged in the meantime with the common support of his widow and his two infant children, and with a legacy of one thousand dollars, subject to some indebtedness, in favor of Mary Bishop, a married daughter; that part situate south of the same road, he devised to Charles, charged with the legacy of five hundred dollars in question.

After thus devising his land to his sons respectively, by the second and third clauses of his will in explicit terms, he then directs that part of it devised to Walter, "that is, all that part of the farm on the north side of the road, be worked in common for the support and maintenance of my two youngest children, Ida and Walter, and their mother,

until they arrive at years of accountability;" and he further, in that connection, directs that a part of the earnings of the land—that is the reasonable import of the terms and their connection—" be set aside each year," to pay his daughter Mary Bishop, one thousand dollars, less such sums of money as he had given her. The testator thus showed a purpose to charge the land and in favor of the daughter named.

Having thus burdened the part of the land devised to Walter, he expresses the wish that his son Charles—his son of full age, it seems—" shall have all the management of settlement of my (his) estate, and pay off the legacy above given, (that to Mary Bishop,) to the best advantage." How to the "best advantage"? He directs that for that purpose, " a certain part be set aside each year"—that is, as is plainly implied by the connection in which these words are used— a certain part of the earnings of the land devised to Walter, after the death of his mother. It is pretty clear that the testator desired and intended—he so requested—that Charles should superintend and manage the part of the farm devised to Walter, certainly during the life of his mother, and per-haps until he and Ida should " arrive at the years of account-ability." He could thus have fair opportunity, conveniently and "to the best advantage each year" to set aside a part of the earnings to pay the legacy in favor of Mary Bishop.

The testator then directs that Charles "also pay unto my daughter Ida, five hundred dollars, after giving her a good English education, payable in installments as he may think best." He does not in terms direct this legacy to be a charge upon Walter's part of the land during the life of his mother, or afterwards, as he had directed another legacy to be; he does not direct his executor to pay it; he does not direct it to be paid out of his estate generally, but he directs Charles to pay it. Why? The reasonable inference is, because he had given Charles the whole estate in the land lying south of the road mentioned, and one half of his interest in the

mill and cotton gin, the latter subject to the use of the same by the widow during her life-time.   He intended that Charles should have the land charged with five hundred dollars in favor of his sister Ida.

This sum he was required to pay "in installments," as he might think best.   This provision is not consistent with a purpose to have the legacy paid out of the personal estate. There is no direction that it should be paid out of the personal estate.   Indeed, it does not appear from the will, that there was such estate out of which it might have been paid. The personal property, so far as appears from the will, except certain parts of it given to the widow, was to be kept and used on the farm to be cultivated for the support of the two youngest children and their mother, and the payment of the legacy to Mary Bishop.

The interpretation thus given, renders the several provisions of the will reasonably consistent, and gives effect to the general purpose of the testator to divide his land between his two sons.   Judgment affirmed.

No error.                                                    Affirmed.