T. P. OUTLAND v. W. C. OUTLAND, et al.

*Will, Construction of—Devise—Charge on Land—Liability of Purchasers from Devisee—Limitations—Excessive Attorney's Fee.*

1. Where a father, after providing by devise of lands in fee for several children, devised other lands to each of two remaining children in consideration of which they were to have the care of and support an imbecile brother not otherwise provided for in the will; *Held*, that the land devised to the two sons were charged with the support of the imbecile brother.

2. In such case, purchasers of the lands from the devisees took the same subject to the charge, whether they had actual notice or only the constructive notice of the will under which they derive title.

3. The statute of limitations does not run against an idiot by reason of the excepting clause in Sect. 163 of *The Code*.

4. An allowance of $200 as attorney's fee in an action by the next friend of an idiot to have land charged with his support sold declared subject to the lien, &c., is excessive.

CIVIL ACTION, tried before *Boykin, J.*, and a jury, at Fall Term, 1895, of NORTHAMPTON Superior Court.  There was. judgment for the plaintiff and defendants appealed.  The. facts are stated in the opinion of Chief Justice FAIR-CLOTH.

*Mr. R. O. Burton*, for plaintiff.

*Messrs. R. B. Peebles* and *B. S. Gay*, for defendants. (appellants).

FAIRCLOTH, C. J.:  In 1885 Thomas Outland died, leaving a will which was duly probated, and had several children, and was seized of the land in controversy, having put into the possession of some of his children certain other property and devised the same in fee to them. He then lived on a tract of land, and by item six he devised to his son Cornelius in fee a part of the tract of land, and in item seven he devised the balance of the tract in fee to. his son Elijah.  In item eight he says :  "In consideration of the property I have given to Elijah and Cornelius, they are to have the care of and support Thomas, and it is my will that he should have his choice which of them he will live with, and the other pay half the expense"  The plaintiff Thomas P. Outland is the one called "Thomas" in the eighth item, and is a person *non compos mentis* and appears herein by his next friend Robert S. Parker, who is also here as administrator of A. A. Parker, the late plaintiff herein.

Thomas by agreement has lived usually with his sister, wife of A. A. Parker, and Elijah has paid all the while one-half of the expense of the board of Thomas, and this. action is by him to recover the other half against Corne-

lius and those defendants who have purchased his part of the land, and to have the land sold to satisfy the same. The defendants admit the personal liability of Cornelius, but deny that his legacy for support is a lien on the land, and especially now that it is in the hands of the purchasers, and that is the main question presented to this Court.

The universal rule pervading the construction of wills is that the intention of the testator shall govern its interpretation in each case. Sometimes there are serious difficulties in ascertaining the intention, but these difficulties do not disturb the rule. To arrive at the intent, it is proper to look at the whole instrument and the condition of the parties and the surrounding circumstances, as they are supposed to be in the mind of the testator at the time of the disposition of his property. It appears that he made a secure and complete title to the legacies of his other children, and it would seem unreasonable and unnatural that he intended to leave the legacy of his most unfortunate child any less secure. If the contention of the defendants be true, then insolvency or bankruptcy might defeat the plaintiff's legacy, and at this time the homestead exemption might have the same effect. These possibilities are presumed to have been understood by the testator.

In *Laxton* v. *Tilley*, 66 N. C., 327, the language in a deed was " for and in consideration of $200, and the faithful maintenance of T. L. and wife P. L. hath given and granted," &c., held that this was a charge upon the land.

In *Thayer* v. *Finegan*, 134 Mass., 62, A. devised to her son all her property, " he to pay all her debts and also to pay the school and college expenses of her younger son "; *Held*, that the legacy to the younger son was a charge upon the real estate. In the under cited cases similar decisions were made: *Aston* v. *Galloway*, 3 Ired. Eq., 126; *Woods* v. *Woods*, Busbee, 290; *Carter* v. *Worrell*, 96 N. C., 358.

The statute of limitations does not bar the claim of Thomas, by reason of the saving clause in *The Code*, Sec. 163.

It was argued that the plaintiff's claim had been abandoned. Thomas was incapacitated to abandon any claim or right by any act or declaration, and the lapse of time was not sufficient to have that effect. *Thompson* v. *Nations,* 112 N. C., 508 ; *Cox* v. *Brower,* 114 N. C., 422.

The land is charged with the legacy in the hands of the purchasers, because the jury find in the 14th issue that they purchased with actual notice. If this had not been found, they took the land with constructive notice, as they derive their title under the will creating it. *Christmas* v. *Mitchell,* 3 Ired. Eq., 534 ; *Harris* v. *Fly,* 7 Paige, 421.

There were several exceptions to the admission of evidence and to the judgment. In the view we have taken, these exceptions are unimportant and are overruled. The judgment allows $211.25 of the recovery to be paid to Robert Parker, administrator of A. A. Parker. This seems to be an arrangement among the plaintiffs to equalize the burden, approved by the Court, and does not affect the defendants. Sitting as a Court of Equity, if we could see in this allowance that any just maxim of the law had been violated or that any injustice had been done to the interest of a *non compos mentis* person, we, *ex mero motu,* would correct it, as in cases where the interest of infants is under consideration.

We think the allowance of $200 as an attorney's fee in this case is too much, and it is reduced to $100. *Moore* v. *Shields,* 69 N. C., 50. With this modification the judgment is sustained.

Modified and Affirmed.