MARY A. PERDUE et als. v. WM. T. PERDUE, SILAS POWELL and D. Y. COOPER.

(Decided March 14, 1899).

*Will—Charge Upon Land—Personal Trust.*

After a testator has devised all his estate, real and personal, to his grandson, in fee, the will says: Item 3. It is my will and desire that the said William Thomas Perdue shall take care of his grandmother Lundy Falkner, and also of his mother, Mary A. Perdue, during their lifetime, and also to take care of his two sisters, Jennie A. and Bettie Ann Perdue: *Held*, that the words are merely recommendatory—expressive of personal confidence, and do not amount to a trust and charge upon the land, following it in the hands of purchasers.

CIVIL ACTION, asking for the declaration of a trust in favor of plaintiffs upon a tract of land devised to defendant and W. T. Perdue, by his grandfather, James H. Falkner, and conveyed to his co-defendants, Powell and Cooper, tried before *Brown, J.*, at Fall Term, 1898, of VANCE Superior Court.

His Honor ruled that the words used created no trust or charge upon the land. Plaintiffs excepted, and appealed.

The devise is stated in the opinion.

*Messrs. W. B. Shaw* and *T. M. Pittman,* for plaintiffs (appellants).

*Messrs. A. C. Zollicoffer, T. T. Hicks* and *A. J. Harris,* for defendants.

124—11

FAIRCLOTH, C. J. The following facts constitute the case:
James H. Falkner died about the year 1888, having first
made and published his last will and testament, the construc-
tion of items 2 and 3 of which form the basis of this action by
the plaintiffs. The said items are as follows:

"Item 2. I will and bequeath unto my grandson William
Thomas Perdue all of my land and personal property, to him
and his heirs and assigns forever."

"Item 3. It is my will and desire that the said William
Thomas Perdue shall take care of his grandmother, Lundy
Falkner, and also of his mother, Mary Ann Perdue, during
their lifetime, and also to take care of his two sisters, Jennie
A. and Bettie Ann Perdue."

The grandmother, Lundy Falkner, is dead, and the said
Jennie A. and Bettie Ann Perdue are now married, and live
with their husbands.

The said James H. Falkner died seized and possessed of a
tract of land in Vance County, containing about sixty-six
acres, which William Thomas Perdue mortgaged, and upon
default of payment of the debt secured by the mortgage the
land was, after several years, sold by the mortgagee, and the
defendants Powell and Cooper became the purchasers, went
into possession, and now hold the same.

Lundy Falkner is dead, and the question is, does the will
make the support of the plaintiffs a charge upon the land in
the hands of defendants, or is it a *personal* trust and confi-
dence in W. T. Perdue?

No rule is better settled than that the intention of the testa-
tor must govern. The intention must be express or implied
from the language of the will, considered as a whole. Beach
on Wills, sections 255, 256. We see nothing in this will
which implies that a charge on the land for the support
of the plaintiffs was intended. It is only a recommendation
or request.

The following are some instances in which the Court considered that certain words implied the intent to charge the property as a lien thereon:

In *Outland v. Outland,* 118 N. C., 138, the care and support were the "consideration" expressed, for the devise to the sons.

In *Misenheimer v. Sifford,* 94 N. C., 592, there was a devise of land to a son, *"provided"* he maintained his mother during his life comfortably, etc.: *Held,* to be a charge.

In *Gray v. West,* 93 N. C., 442, it was provided in the will that "Arey Gray is to have her support out of the land." This was held a charge.

*Taylor v. Lanier,* 7 N. C., 98, and *Wellons v. Jordan,* 83 N. C., 371, are instances where the trust was personal only, and similar in principle to the one before us.

We find no error in the ruling of the Court below.

Affirmed.