IN RE PETITION OF EMILY M. PEADEN AND MAGGIE L. CLARK.

(Filed 1 October, 1930.)

1. **Gifts A c—In this case held: transaction operated as absolute gift which could not be subsequently affected by donor.**

Where the grantor in a deed reserves a life estate to himself and conveys the remainder in fee to his son upon condition that at the grantor's death, or sooner at the grantee's option, the grantee pay to the two daughters and one granddaughter of the grantor the sum of five hundred dollars each, and the deed is registered and accepted by the grantee: *Held,* the condition for the payment of the stipulated sum operates as an absolute gift to the daughters and granddaughter which may not be revoked by the grantor, and upon the death of the granddaughter intestate during the lifetime of the grantor he may not dispose of her share by will, which should be paid to her administrator for distribution according to the canons of descent.

2. **Descent and Distribution B d—In this case held: father of deceased child was entitled to inherit from such child under canons of descent.**

Where an intestate dies leaving her surviving her father, and has no husband, brothers or sisters, or issue of brothers or sisters, her father is entitled to distribution under the canons of descent. C. S., 137, subsection 6.

3. **Deeds and Conveyances C f—Grantee accepting deed is bound by its conditions.**

Where a deed to lands is conditioned upon the payment by the grantee of a stipulated sum in the future to persons designated by the grantor, upon acceptance of the deed by the grantee he is bound to the performance of the condition.

4. **Appeal and Error K a—In this case administration of estate is necessary and case is modified and affirmed.**

The Supreme Court will take judicial notice on appeal of the lack of administration of an estate, necessary to the determination of the case, and where the record discloses such deficiency the judgment will be remanded in order that the defect be remedied.

Appeal by petitioners, Emily M. Peaden and Maggie L. Clark, from *Barnhill, J.,* at May Term, 1930, of Pitt. Modified and affirmed.

On 22 December, 1909, H. J. Smith and wife, Arrena Smith, made and executed a deed to Jesse S. Smith and his heirs and assigns, to a certain tract of land in Pitt County, N. C., describing it, containing 64.8 acres. The following is in the deed: "Witnesseth, that said H. J. Smith and Arrena Smith, his wife, in consideration of one dollar, to them paid by the said Jesse S. Smith, the receipt of which is hereby acknowledged, and for the further consideration of fifteen hundred dollars to be paid as hereinafter stated, have bargained and sold, and by these presents do bargain, sell and convey to said Jesse S. Smith and his heirs," etc. Then the land is described by metes and bounds. "The said H. J. Smith and wife, Arrena Smith, hereby excepts and reserves their life estate, in all the above-described land except that portion heretofore deeded and conveyed to said Jesse S. Smith, and it is further understood and agreed between said parties, that in order to make this deed effectual and binding, the said Jesse S. Smith is to pay at the death of said H. J. Smith and Arrena Smith (or sooner if he desires to do so), the sum of fifteen hundred dollars, as follows: To our daughter, Emily M. Peyton, the sum of $500; to our daughter, Maggie L. Clark, the sum of $500; to our granddaughter, Lucy Elks, the sum of $500." Then follows the habendum clause, etc.

The deed was duly signed, acknowledged and recorded in the register of deeds office for Pitt County, N. C. The granddaughter, Lucy Elks, mentioned in the deed, died intestate prior to the death of the said H. J. Smith and Arrena Smith, leaving surviving her father, James W. Elks, the respondent in this proceeding. Arrena Smith died before her husband, H. J. Smith. The said H. J. Smith died, leaving a last will and testament, in which appears the following: "First, I have already deeded to Jesse S. Smith my home place of 46 acres, more or less, valued at $4,700, and coming in possession at my death, he shall pay to my daughter, Emily M. Peaden, $750, and to my daughter, Maggie L. Clark, $750, total $1,500 to be payable by Jesse S. Smith. I will and bequeath to my daughters, Emily M. Peaden and Maggie L. Clark, all my personal property of every description, including money that might be on hand at my death equal between the two, Maggie L. Clark and Emily M. Peaden."

The following judgment was rendered by the court below: "This cause coming on to be heard at the May Term, 1930, of Pitt County Superior Court, before his Honor, M. V. Barnhill, judge presiding, and being heard upon an appeal from former judgment of the clerk of the Superior Court of Pitt County, and being heard upon the petition of Mrs. Emily M. Peaden and Mrs. Maggie L. Clark, and the answer of James

W. Elks, and after argument by counsel, it appearing to the court that the judgment entered by J. F. Harrington, clerk of the Superior Court, should be sustained and that James W. Elks is the owner and entitled to the sum of $500, now deposited in the office of the clerk of the Superior Court: It is therefore, upon motion of F. G. James & Son, attorneys for James W. Elks, ordered, adjudged and decreed that James W. Elks is the owner and entitled to the sum of $500, so deposited, and the clerk of the Superior Court of Pitt County is authorized, empowered and directed to pay over said amount to James W. Elks. It is further ordered that the costs of this proceeding be paid by the petitioners."

*L. W. Gaylord and Albion Dunn for petitioners, Emily M. Peaden and Maggie L. Clark.*
*F. G. James & Son for James W. Elks, respondent.*

CLARKSON, J. The question involved: Was the provision in the H. J. Smith deed that the grantee was to pay, upon the death of the grantor (or sooner if he desires to do so), the sum of $500 to Lucy Elks (and the petitioners, Emily M. Peaden and Maggie L. Clark) an absolute gift, or was the same subject at all times to the control of the grantor, prior to its actual payment? We think it was an absolute gift—the language of the deed clearly shows it was intended as such.

It is well settled that the acceptance of a deed by a grantee renders him liable to pay the consideration. *Peel v. Peel,* 196 N. C., 782. This is not disputed on the record by Jesse S. Smith, who admits that he is liable for the amount he agreed to pay for the land, and has deposited the $500 with the clerk of the court of Pitt County. The question is to whom should it be paid? Under the deed, "It is further understood and agreed between the said parties" that he pay "to our daughter, Emily M. Peaden, the sum of $500; to our daughter, Maggie L. Clark, the sum of $500; to our granddaughter, Lucy Elks, the sum of $500." Lucy Elks died intestate and left her father, James W. Elks, surviving her.

C. S., 137, subsection 6, is as follows: "If in the lifetime of its father and mother, a child dies, intestate, without leaving husband, wife or child, or the issue of a child, its estate shall be equally divided between the father and mother. If one of the parents is dead at the time of the death of the child, the surviving parent shall be entitled to the whole of the estate. The term 'father' and 'mother' shall not apply to stepparent, but shall apply to a parent by adoption: *Provided,* that a parent, or parents, who has wilfully abandoned the care, custody, nurture and maintenance of such child to its kindred, relative or other person, shall forfeit all and every right to participate in any part of said child's estate under the provisions of this section."

We think the will made by H. J. Smith inoperative, so far as the subject of this action is concerned. The grantor H. J. Smith agreed with the grantee to sell him the land for $1,500, and it was understood and agreed between the parties that the $1,500 was to be paid $500 to each of the two daughters and $500 to the granddaughter. We think this is an irrevocable gift to the daughters and granddaughter.

In 28 C. J., p. 672, part sec. 74(4) is the following: "Close relationship between the parties, such as husband and wife, parent and child, and the like, creates a presumption that a delivery of property from one to the other, without explanatory words, was intended as a gift, and such presumption is strengthened by proof that the donor on previous occasions had made similar gifts. The rule does not apply to transactions between brother and sister, they being regarded as strangers. This presumption, however, does not arise unless there is a delivery of the property, or unless, in case of a gift of land, it is followed by actual and unequivocal possession and improvement." Section 75(5) : "The acceptance of a gift, beneficial to the donee and otherwise complete, will be presumed, unless the contrary is made to appear, even though the donee did not know of the gift at the time it was made. The rule is especially applicable where the donee is laboring under some disability. Thus, where a gift made to an infant is beneficial, and not burdensome, the law will presume acceptance, or, as some courts say, 'the law accepts it for him.' " *Harrell v. Tripp,* 197 N. C., 426.

It is not necessary in this case to rely on any presumption, the unequivocal language of the deed makes it a gift, which the grantee in the deed agreed to pay to the respective parties.

It may be noted that the record discloses that there is no administration on the estate of the granddaughter, Lucy Elks. No question has been raised as to this, by the petitioners, appellants, but the court will take judicial notice of the defect. There must be an administration on her estate. Therefore, the judgment is

Modified and affirmed.