MOLLIE J. MARSH ET AL. v. H. C. MARSH ET AL.

(Filed 6 May, 1931.)

1. **Deeds and Conveyances C f—Meaning of conditions for support of a person is usually determined by construction of entire instrument.**

   Clauses in a conveyance of real property providing for the support and maintenance of a person are usually determined as to their effect by a construction of the entire instrument, one clause may be construed as a personal covenant, another a charge on rents and profits of the land, or another a lien or charge on the land itself.

2. **Same—Condition for support of person in this case held to be charge on land itself and prior to subsequent mortgage.**

   A husband and wife conveyed their lands to their son to effect a family agreement, the deed providing for the support of the grantors and the payment of a certain sum of money to the grantee's sister as part of the consideration, all parties in interest signed the deed, and it was duly registered, the son failed to comply with the conditions therein imposed on him, and by a subsequently registered mortgage obtained a loan for his separate and personal use: *Held,* the provisions for the support of the parents and sister amounting to an equitable lien on the lands prior to that of the mortgage, the mortgagee taking with notice thereof by reason of the prior registration of the deed.

APPEAL by defendants Chickamauga Trust Company, trustee, and Prudential Insurance Company of America, from *Stack, J.,* at February Term, 1931, of UNION. No error.

Action to declare certain provisions in a deed of conveyance an equitable lien or charge on land. On 29 March, 1920, J. D. Marsh and his wife executed and delivered to H. C. Marsh a deed conveying three tracts of land containing 326 acres. The deed was signed by the grantors and by the grantee and Lois Lee Marsh. The parties stipulated that H. C. Marsh should pay to his sister, Lois Lee Marsh, $3,000 from time to time as she should need the money (for which he executed a note) and should take care of J. D. Marsh and his wife so long as they should live, and "provide for them a home, suitable clothing, board, and take care of them in a reasonably comfortable manner, and pay all doctor and medical bills and supply them with reasonable necessaries of life." It was agreed that if he failed to do so at any time the property should revert to the grantors during their natural lives and that they should receive the rents and profits as long as they or the survivor should live, and that the property at the death of the survivor, should go to the grantee in fee. H. C. Marsh was to pay their funeral expenses and erect a marker at their graves.

H. C. Marsh and Lois Lee Marsh are the son and daughter of the grantors in the deed. J. D. Marsh died in 1921.

On 12 September, 1925, H. C. Marsh made a deed of trust to the Chickamauga Trust Company, as trustee, purporting to convey the land in controversy to secure a debt due by him to the Prudential Insurance Company of America, and the trustee has advertised the land for sale.

The deed executed to H. C. Marsh by his father and mother recites as the consideration a nominal sum and the covenants, agreements, terms, conditions and qualifications therein set forth.

The jury returned the following verdict:

1. Is the plaintiff, Lois Lee Marsh, a daughter of J. D. Marsh and confined to the State Hospital at Morganton as mentally deficient, as alleged in the complaint? If so, how long? Answer: Yes, about seven years.

2. If so, has W. T. Morgan been duly appointed next friend to the said Lois Lee Marsh and authorized to bring this suit, as alleged in the complaint? Answer: Yes (by consent).

3. Did J. D. Marsh and wife, Mollie J. Marsh, Lois Lee Marsh and H. C. Marsh make and execute the paper-writing referred to in the complaint and registered in Book 56, page 576, in the office of register of deeds for Union County? Answer: Yes (by consent).

4. Has the defendant, H. C. Marsh, paid to the plaintiff, Lois Lee Marsh, the $3,000 described in the paper-writing registered in Book 56, page 576, or any part thereof? Answer: No.

5. Has the defendant, H. C. Marsh, taken care of J. D. Marsh and Mollie J. Marsh and provided for them a home, suitable clothing, board, and cared for them in a reasonably comfortable manner, paid all doctor bills, medical bills and supplied them with the necessaries of life, in accordance with the paper-writing registered in Book 56, page 576? Answer: Not supported Mrs. M. J. Marsh for last two or three years.

6. Has the defendant, H. C. Marsh, paid the funeral expenses and erected a suitable marker to the grave of J. D. Marsh, deceased? Answer: Paid the funeral expenses, but erected no marker to his grave.

7. Did Lois Lee Marsh sign said instrument (Ex. A) as evidence of her consent thereto? Answer: Yes.

It was thereupon adjudged that Lois Lee Marsh is entitled to recover of H. C. Marsh $3,000 with interest at 6 per cent from 1 January, 1921 (the maturity of the note), to be charged upon the land as an equitable lien thereon from 29 March, 1920 (the date of the deed), subject to the life estate of Mrs. Marsh, and therefore prior to the conveyances under which the defendants claim; that the land reverted to Mrs. Marsh for life; and that if H. C. Marsh failed to comply with the contract within sixty days, the land should be sold. The Chickamauga Trust Company and the Prudential Insurance Company of America appealed.

*John C. Sikes for plaintiff.*
*W. B. Love and W. H. Booker for Chickamauga Trust Company and Prudential Insurance Company of America.*

ADAMS, J. The meaning of clauses in a conveyance of real property providing for the support or maintenance of a person is usually determined by a construction of the entire instrument. One clause may be a personal covenant, another a charge on the rents and profits of the land, and a third a lien or charge on the land itself. *Bailey v. Bailey,* 172 N. C., 671. It appears in the case before us that H. C. Marsh not only accepted the deed, but signed it under his seal; that he is bound by the provisions of the deed is therefore not in dispute. *In re Peaden,* 199 N. C., 486; *Peel v. Peel,* 196 N. C., 782. The question is whether there are clauses in the deed which create a lien or charge upon the land. We are of opinion that there are and that there is no error in the record.

Many of our decisions have dealt with exceptions similar to the one interposed in this case, and to some of them we refer as authorities in support of the judgment. In *Aston v. Galloway,* 38 N. C., 126, the devise in part was as follows: "I give and devise the land, after the death of my said wife, to my nephew J. A. and his heirs, he paying to my two other nephews E. and G. A. as they respectively arrive at the age

MARSH *v.* MARSH.

of twenty-one years, the sum of £100 each." In the opinion the Court said: "Was the £100 given to the plaintiff as is stated in the case, a charge on the land? We think it was an equitable charge, that is, that in this Court the land is to be regarded as a' security for it. In the case of *Abrams v. Windup,* 3 Russ., 35, a testator devised lands to Joseph Bulmer, for paying his son Thomas Bulmer £50, when of the age of twenty-one years. The Master of the Rolls was of opinion that this was a devise of the fee to Joseph Bulmer, charged with the payment of the £50 to his son. In *Miles v. Leagh,* 1 Atk., 573, testator devised lands to his wife for life, remainder to his son R. in fee; and he gave to A. a legacy of £150 to be paid in twelve months after his son R. should come to enjoy the premises. The legacy to A. was held to be a charge, and it was decreed with interest from the death of the testator's wife, against R's son and heir. In *Ladd v. Carter,* Prec. Chan., 27, a devise of lands to A. for life, remainder to such child or children as should be living at his death and to their heirs, A. paying £40 to R. This was a charge, not only on A's estate for life, but also on the remainder. In the case now before us, the words immediately following the devise to John Aston are, 'he paying to my two nephews £100 each, at their ages of twenty-one years: But if it should so happen that they should be of age before John shall be in possession of the said plantation and lands, in that case he is not bound to pay under two years from the day of his taking possession.' It seems to us, that the £100 was not intended by the testator, to be a personal debt on the devisee, in remainder only; but it was to arise out of the land, after the devisee should get into the possession of the same, and he be able to make it out of the rents and profits—therefore it was a charge upon the land."

A devise to L. provided he pay E. three hundred dollars is a charge on the land. *Woods v. Woods,* 44 N. C., 290. The same construction was given the following clause in deed of conveyance: "For the consideration of $200 and the faithful maintenance of T. L. and wife P. L." *Laxton v. Tilly,* 66 N. C., 327. So as to a clause "reserving also the care and support" of the grantor's daughter. *Wall v. Wall,* 126 N. C., 405. In *Outland v. Outland,* 118 N. C., 138, the provision was this: "In consideration of the property I have given to Elijah and Cornelius, they are to have the care of and support Thomas, and it is my will that he should have his choice which of them he will live with, and the other pay half the expense." It was held to create a charge on the land. The following additional cases may be consulted: *Misenheimer v. Sifford,* 94 N. C., 592; *Carter v. Worrell,* 96 N. C., 358; *Hunt v. Wheeler,* 116 N. C., 422; *Allen v. Allen,* 121 N. C., 328; *Fleming v. Motz,* 187 N. C., 593; *Cook v. Sink,* 190 N. C., 620.

It is stated in the judgment that the appellants took their alleged title with notice of the charge upon the land. *Outland v. Outland, supra; Fleming v. Motz, supra.*

As pointed out in the judgment the deed to H. C. Marsh was executed to effect a family settlement, the conditions and terms being a part of the consideration. The provision for the support of his parents and afflicted sister is in effect a charge or equitable lien on the land.

No error.