S. M. BAILEY, ADMINISTRATOR OF EUGENIA C. DAVIS, DECEASED, v. FEDERAL LAND BANK OF COLUMBIA, J. W. WEBSTER, W. G. DAVIS, AND W. O. McGIBONY, TRUSTEE.

(Filed 1 May, 1940.)

**Deeds § 17d—Under facts of this case, agreement in deed to support grantor held not a charge on the land as against purchasers for value.**

After the death of the owner of land, his widow executed deed to three of their children, presumably conveying her dower interest, which deed recited that the consideration therefor was an agreement on the part of the grantees to support the widow during the remainder of her life. Thereafter the land was partitioned among the three children. One of the children executed a mortgage on the land allotted to him in which his wife and mother joined. Thereafter he and his wife executed a deed of trust in favor of the corporate defendant and the proceeds therefrom were used to pay the mortgage. Thereafter the deed of trust was foreclosed and the land was purchased by the corporate defendant, which sold same to the individual defendant. About eighteen years after the execution of the deed by the widow, without previous demand or notice other than the registration of her deed to the children, she instituted action asserting her son had not paid his proportionate part for her support and that the amount he should have paid was a charge upon the land constituting an equitable lien, and upon her death the action was continued by her administrator, so that the son, as heir at law, would be entitled to a propor-

tionate part of any recovery. *Held:* Under the facts of this case, the words of the agreement did not constitute a charge upon the land in the nature of an equitable lien as against defendants, who are purchasers for value.

APPEAL by defendants from *Frizzelle, J.,* at September Term, 1939, of FRANKLIN. Reversed.

This was an action by the administrator of Eugenia C. Davis to subject lands of defendants Webster and the Federal Land Bank to a charge for the amount which it was alleged would have been required for the support of plaintiff's intestate, according to the provisions of a deed to defendants' predecessor · in title. It was alleged that in 1918 Eugenia C. Davis executed deed to W. G. Davis, Marguerite Davis and Lillian Bailey, and that the recited consideration therefor was an agreement on the part of the grantees to provide for her support during the remainder of her life, and it was alleged that this imposed a charge on the land and constituted a lien thereon enforceable against the defendants, subsequent purchasers for value.

The referee, to whom the case was referred, reported findings of fact and conclusions of law in favor of the plaintiff. The defendants' exceptions to the report were overruled by the court below, and the findings of fact and conclusions of law of the referee were adopted and confirmed. From judgment in accord therewith, defendants appealed.

*Malone & Malone, T. Lanier, and Yarborough & Yarborough for plaintiff, appellee.*

*Bailey, Lassiter & Wyatt and A. J. Templeton for defendants, appellants.*

DEVIN, J. Appellants assign as error the ruling of the court below that the recital in a deed of an agreement to contribute to the support of the grantor, as the consideration for the execution of the deed, was sufficient to impose a charge on the land and to constitute an equitable lien thereon enforceable against subsequent purchasers for value.

The material facts were these: J. W. Davis, the owner of record of certain lands in Franklin County, died in 1916 leaving his widow, Eugenia C. Davis, plaintiff's intestate, and five children him surviving. In 1918, Eugenia C. Davis executed deed to three of her children, viz.: W. G. Davis, Marguerite Davis and Lillian Bailey. This deed recited as the consideration therefor "the agreement of the said parties of the second part to support the said Eugenia C. Davis during the remainder of her natural life." The *habendum* clause was in the usual form, "to the said parties of the second part and their heirs and assigns, to their

17—217

only use and behoof forever." The two children of J. W. Davis and Eugenia C. Davis not mentioned in the deed had previously conveyed their interests in the land to the named grantees.

In 1921, the land was partitioned among the three grantees, and to W. G. Davis was allotted a tract of 93 acres. Thereafter W. G. Davis and wife, together with Eugenia C. Davis, plaintiff's intestate, executed a mortgage on the 93 acres to one Loyd as security for money borrowed. In 1925, W. G. Davis and wife executed a deed of trust on the same land to the defendant Land Bank to secure money with which the Loyd mortgage, then amounting to $1,002.02, was paid off. In 1932, the Land Bank deed of trust was foreclosed, and the land was conveyed by the trustees to the Land Bank. The Land Bank took possession of the land and held same until April, 1936, when it sold the land to defendant J. W. Webster, who executed deed of trust to the Land Bank for the balance of the purchase money. In May, 1936, Eugenia C. Davis instituted this action, without previous demand or claim on the Land Bank or Webster, and shortly thereafter died, the action being continued by her administrator. It was found by the referee that W. G. Davis had not contributed his share to the support of Eugenia C. Davis. She was supported by the other grantees.

The title to the land, as it appeared of record, having been in J. W. Davis, Eugenia C. Davis apparently had only a dower interest therein. If she had an additional equitable interest there was no notice thereof to defendants, subsequent purchasers. The only notice of record was the recital in the deed of 1918 of the agreement for her support as consideration for the deed. No notice of any claim on this account was given the Land Bank when its deed of trust went to record in 1925, seven years after the deed, and there was then on record a previous mortgage on the land by W. G. Davis and wife, in which Eugenia C. Davis had joined as grantor, which mortgage was taken up by the Land Bank loan. Nor was notice of any claim thereafter given to the Land Bank or to Webster, the purchaser, at the foreclosure sale in 1932, nor at any time until suit was instituted in 1936, eighteen years after the execution of the deed containing the provision now sued on. Eugenia C. Davis, to whose support W. G. Davis agreed to contribute in part, as the consideration for the execution of the deed to him and others, is now dead. No benefit can come to her. The action is based on the failure of W. G. Davis to contribute to the agreed support. In the event of recovery in this action by the administrator of Eugenia C. Davis, there being no debts of the estate, W. G. Davis as one of the distributees would be entitled to share therein.

Interpreting the legal effect of the recital of an agreement for the support of the grantor by the grantees as the consideration for the deed

from Eugenia C. Davis to W. G. Davis and his sisters in 1918, and considering that in the deed there is no clause of re-entry, or words indicative of intention to create a condition subsequent, or to impose a charge on the land, we reach the conclusion, in the light of the attendant circumstances, that the quoted words in the deed are insufficient to constitute a lien enforceable by the grantor's administrator against the defendants, subsequent grantees and encumbrancers for value, for the payment of sums agreed to have been paid by W. G. Davis for the support of his mother, or which would have been required of him for that purpose.

The decisions of this Court in cases where language similar to that in the instant deed was considered are not in harmony. Without attempting to distinguish them, it may be said that substantially the same words as those appearing in the deed of Eugenia C. Davis were held not to constitute a charge on the land in *Taylor v. Lanier,* 7 N. C., 98; *Lumber Co. v. Lumber Co.,* 153 N. C., 49, 68 S. E., 929; *Ricks v. Pope,* 129 N. C., 52, 39 S. E., 638; *Perdue v. Perdue,* 124 N. C., 161, 32 S. E., 492; *Wellons v. Jordan,* 83 N. C., 371. Similar language was held to support a charge on the rents and profits in *Wall v. Wall,* 126 N. C., 405, 35 S. E., 811; *Misenheimer v. Sifford,* 94 N. C., 592; *Gray v. West,* 93 N. C., 442; *McNeely v. McNeely,* 82 N. C., 183.

On the other hand, there are statements in several decisions which support plaintiff's contentions, notably, *Laxton v. Tilly,* 66 N. C., 327; *Helms v. Helms,* 135 N. C., 164, 47 S. E., 415; *Bailey v. Bailey,* 172 N. C., 671, 90 S. E., 803; *Fleming v. Motz,* 187 N. C., 593, 122 S. E., 369. However, an examination of these cases shows that the facts upon which these decisions were based were in material respects different from those presented here, and we are not inclined to extend the principles there stated to the facts of this case.

In *Bailey v. Bailey, supra,* Mrs. Ervin conveyed land to J. W. Bailey in consideration of $791.00 and "my maintenance during my natural life." Six days later she married Bailey and subsequently joined him in execution of a deed of trust on the land. The suit arose as to the disposition of the surplus after foreclosure sale. It was held that a charge attached to the surplus in favor of the wife.

In *Laxton v. Tilly, supra,* Thomas Laxton conveyed land to his son Levi "in consideration of $200.00 and the faithful maintenance of Thomas Laxton and wife." In suit by widow of grantor against the administrator of Levi Laxton it was held maintenance of plaintiff was a charge on the land, which had apparently descended to Levi's heirs.

In *Helms v. Helms, supra,* the deed, in addition to reciting that the consideration therefor was the support of grantor, contained these words: "It is further understood and agreed between the parties that the above

lands shall stand good for the support and maintenance of Elmira Helms during her natural life," evidencing an expressed intention to impose a charge on the land. To the same effect was the decision in *Marsh v. Marsh,* 200 N. C., 746, 158 S. E., 400, where it was stipulated that upon failure of support by the grantee, the land should revert to grantor. In *Fleming v. Motz, supra,* the question presented was whether one claiming under deed executed in consideration of $100 and the maintenance of the grantor could convey an indefeasible title. It was held the words used constituted a charge on the land. In *Outland v. Outland,* 118 N. C., 138, 23 S. E., 972, the case turned upon the fact that the subsequent grantee took with actual notice of the provisions of a will devising the land to one son charged with the support of another. In *Raynor v. Raynor,* 212 N. C., 181, 193 S. E., 216, cited by plaintiff, the principle of equitable contribution among heirs was applied.

We are of opinion, and so decide, that the recital in the deed of Eugenia C. Davis of an agreement on the part of the grantees to support her, as the consideration for the deed, under the facts and circumstances of this case, imposed a personal obligation upon the grantees, and that lien for amounts which should have been contributed by one of the grantees for this purpose does not attach to the land in the hands of the defendants, subsequent purchasers for value.

This disposition of the case renders unnecessary discussion of other questions presented in the argument and by brief.

The court below was in error in overruling defendants' exceptions addressed to the question herein decided, and the judgment in so far as it affects the defendants Webster and the Federal Land Bank is

Reversed.