JAMES L. MOORE, ELIZABETH EVA MOORE ALLEY AND MARY
M. OLIPHANT v. BELLE ALLISON TILLEY AND HUSBAND,
ROBERT TILLEY, GERTA WOLFE AND HUSBAND, J. DOUGLAS
WOLFE, ROSEMARIE MOORE CRAWFORD AND HUSBAND,
CHARLES WILLIAM CRAWFORD, EVA HARRIS MOORE, WIDOW,
JOAN MOORE DOUGLAS AND HUSBAND, RICHARD DOUGLAS,
JULIAN CLARK MOORE, UNMARRIED MINOR, BILLIE CAROLYN
MOORE, SINGLE, CHARLES P. MOORE, JR. AND WIFE, LORRAINE
MOORE, JOHN LEE MOORE AND WIFE, MARILYN MOORE, HILDA
MOORE, WIDOW, J. FRANK MOORE, JR., AND WIFE, MRS. J.
FRANK MOORE, JR., J. THOMAS MOORE AND WIFE, MRS.
J. THOMAS MOORE, ELSIE MOORE VANN AND HUSBAND,
HERBERT W. VANN, BETTY MOORE WILLIAMS AND
HUSBAND, MALLORY HOWARD WILLIAMS, HARRIET NAN
MOORE, SINGLE MINOR, MARY MOORE JENNETTE AND HUSBAND,
CARTER JENNETTE, BESSIE MOORE CARTER, WIDOW, GRANT
CARTER AND WIFE, BARBARA CARTER, BERTHA M. THOMAS
AND HUSBAND, PERCY THOMAS AND EVA D. MOORE, WIDOW

No. 7222SC368

(Filed 2 August 1972)

1. Wills § 39— provision for support — equitable lien

A devise to three named children of the testatrix of "all of my
real estate 150 acres and they are to give support and home to"
four other children of testatrix who are blind *is held* to have created
an equitable lien or charge upon the land for support of the blind
children which will follow the land into the hands of purchasers.

2. Wills § 36— defeasible fee — contingent remainder

An item of a will devising land to three named children of the
testatrix subject to an equitable lien for the support of four other
children of the testatrix who are blind, when considered with another
item providing that in case of the death of either of the devisees,
"their interest and responsibility above named to go to the other two
or if two of them die to the one living," *held* to give each of the
devisees a fee defeasible upon (1) his death, (2) during the life of
one or more of the blind children, and (3) during the life of one or
more of the devisees, plus a contingent remainder to the interest of
the other devisees.

APPEAL by plaintiffs from *Chess, Judge,* 17 January 1972
Session of Superior Court held in IREDELL County.

Plaintiffs instituted this action for a declaratory judgment
construing the will of Margaret Guy Moore.

The facts which are not in dispute are set forth in the
judgment of the trial judge as follows:

"1. Margaret Guy Moore died testate a resident of Iredell County on June 17, 1908, leaving a will which reads as follows:

'I, Margaret M. Moore of Iredell County, North Carolina, being of sound mind but realizing the uncertainty of my earthly existence do make this my last will and testament.

'First. I will to my son, T. L. Moore, and my two daughters, E. M. Emma Moore, and Ella M. Moore, all of my real estate 150 acres and they are to give support and home to my two sons, J. Robert Moore, W. Vester Moore, and my two daughters, Harriet A. Moore and Ida B. Moore.

'Second. I will in case of the death of either of the first named in this will that their interest and responsibility above named go to the other two or if two of them die to the one living.

'Third. I will to my son, John S. Moore $5.00.

'Witness my hand and seal this 8th day of September, 1906.

's/ MARGARET M. MOORE (SEAL)'

"2. At the time of her death, Margaret Guy Moore was the owner of the real estate described in paragraph 3 of the Complaint, the detailed description of which is hereby incorporated in this judgment by reference.

"3. At the time of her death, Margaret Guy Moore had eight living children, four of whom were normal and four of whom were blind.

"4. One of the normal children, John S. Moore took $5.00 under his mother's will, but otherwise did not share in her estate.

"5. The three other normal children and the year of their deaths are as follows, the year of death appearing in parenthesis after the name of the child:

    (a) E. M. Emma Moore       (1949)
    (b) Ella M. Moore            (1952)
    (c) Thomas Lee Moore      (1963)

"6. The four blind children and the year of their deaths are as follows, the year of death appearing after the name of the child:

   (a)  J. Robert Moore        (1934)
   (b)  W. Vester Moore      (1946)
   (c)  Harriet A. Moore      (1958)
   (d)  Ida B. Moore          (1966)

"7. During the lives of each and every one of the blind children, the rents and profits of the real estate described in the complaint, the description of which is incorporated herein by reference, were used for the maintenance, benefit and support of the blind children.

"8. The plaintiffs and defendants are the descendants, or the spouses of descendants, of Margaret Guy Moore and constitute all persons who have or may have an interest in the real estate described in the complaint and incorporated in this judgment by reference.

"9. The will of Margaret Guy Moore was probated on September 5, 1910, and duly recorded in the office of the Clerk of Superior Court of Iredell County, North Carolina, in Will Book 7, page 301.

"10. That the relationship of all of the parties in this action to Margaret Guy Moore is as set forth in the complaint."

The trial judge concluded and adjudged that under the will E. M. Emma Moore, Ella M. Moore and Thomas Lee Moore each took an undivided one-third interest in fee simple in the said real estate, not subject to divestment but subject only to a covenant upon the land to secure support and a home for J. Robert Moore, W. Vester Moore, Harriet A. Moore, and Ida B. Moore.

The plaintiffs, the three children of Thomas L. Moore who was the last survivor of the three devisees, appealed.

*Collier, Harris & Homesley, by Walter H. Jones, Jr., for plaintiffs.*

*Raymer, Lewis & Eisele, by Douglas G. Eisele, for defendants.*

BROCK, Judge.

The facts are not in dispute. We are confronted with the necessity of determining the intent of Margaret Guy Moore at the time she executed her will in 1906. Only the "First" and "Second" items of the will are involved.

A provision in a will that a devisee shall support a named person is perfectly reasonable and consistent with the policy of the law, and is constantly upheld. In North Carolina, as in most states, provisions relating to support or service, if regarded as conditions, are construed as subsequent rather than precedent whenever possible. 5 Bowe-Parker Revision, Page on Wills, § 44.22. Because of the language used, a provision in a will for support of a named person has been construed to create an estate on condition subsequent, as in *Brittain v. Taylor*, 168 N.C. 271, 84 S.E. 280, and in *Huntley v. McBrayer*, 169 N.C. 75, 85 S.E. 213. However, conditions subsequent are not favored in the law and are strictly construed against forfeiture. *Hinton v. Vinson*, 180 N.C. 393, 104 S.E. 897. A provision in a will for support of a named person, depending upon the language used, may be construed as constituting a personal covenant, as in *Perdue v. Perdue*, 124 N.C. 161, 32 S.E. 492, in *Ricks v. Pope*, 129 N.C. 52, 39 S.E. 638, and in *Lumber Co. v. Lumber Co.*, 153 N.C. 49, 68 S.E. 929. Or it may be construed as constituting a charge upon only the rents and profits from the lands, as in *Gray v. West*, 93 N.C. 442, and in *Wall v. Wall*, 126 N.C. 405, 35 S.E. 811. However, in a majority of the cases the provision for support has been construed as constituting an equitable lien or charge upon the land itself which will folllow the land into the hands of purchasers. *Minor v. Minor*, 232 N.C. 669, 62 S.E. 2d 60; *Marsh v. Marsh*, 200 N.C. 746, 158 S.E. 400; *Cook v. Sink*, 190 N.C. 620, 130 S.E. 714; *Bailey v. Bailey*, 172 N.C. 671, 90 S.E. 803; *Helms v. Helms*, 135 N.C. 164, 47 S.E. 415; *Outland v. Outland*, 118 N.C. 138, 23 S.E. 972; *Laxton v. Tilly*, 66 N.C. 327; *Woods v. Woods*, 44 N.C. 290.

The reasons for treating provisions for support as an equitable lien or charge upon the land rather than a condition subsequent, or a personal covenant, or a charge upon only the rents and profits, is aptly stated in *Helms v. Helms*, 135 N.C. 164, 47 S.E. 415, as follows:

"The difficulties which readily occur in treating provisions of this kind as conditions are numerous. The un-

certainty into which titles would be thrown is a strong reason for construing provisions for support as covenants and not conditions is recognized by the courts. To treat them as mere personal covenants, having no security for their performance save the personal liability of the grantor, would often lead to injustice, leaving persons who had made provision for support in old age or sickness without adequate protection or relief. The courts have almost uniformly treated the claim for support and maintenance as a charge upon the land, which will follow it into the hands of purchasers. In this way the substantial rights of both grantor and grantee are preserved."

The "First" item of the will presently under consideration reads as follows:

"First. I will to my son, T. L. Moore, and my two daughters, E. M. Emma Moore, and Ella M. Moore, all of my real estate 150 acres and they are to give support and home to my two sons, J. Robert Moore, W. Vester Moore, and my two daughters, Harriet A. Moore and Ida B. Moore."

[1] The four beneficiaries of the support provision were blind and the testate was primarily concerned with providing for their comfort and support throughout their lives. She devoted her entire estate to this purpose. When the foregoing "First" item is considered in the light of pertinent precedent and reasoning, it is clear that its provision for support constituted an equitable lien upon the land devised. This lien, however, has now been fully discharged by reason of the land having been applied for the use and benefit of the blind children throughout their respective lives.

[2] If we consider only the "First" item, it appears that the testate devised a one-third undivided interest each to T. L. Moore, E. M. Emma Moore, and Ella M. Moore, subject to the equitable lien for support. However, the testate made further provision in the "Second" item which reads as follows:

"Second. I will in case of the death of either of the first named in this will that their interest and responsibility above named go to the other two or if two of them die to the one living."

Moore v. Tilley

As stated earlier, the testate's primary concern was for the comfort and support of her four blind children to whom she pledged her entire estate. We think her intent was, first, to care for the four blind children; second, to provide the survivors or survivor of the devisees the means of caring for the blind children without a claim of title by the heirs of a deceased devisee; and third, to reward those devisees or that devisee who shoulders the responsibility of support longest.

"In construing a will the court considers the entire instrument and seeks to ascertain from it the testator's intent. To effectuate the intention of the testator the court may transpose or supply words, phrases and clauses when the sense of the devise in question 'as collected from the context manifestly requires it.' [citation omitted]" *Jernigan v. Lee*, 279 N.C. 341, 182 S.E. 2d 351.

In our opinion the "Second" item of the will limits the devise of the "First" item to a devise to each of the three devisees of a defeasible fee, plus a contingent remainder. The "Second" item of the will should be read as though it were written as follows:

Second. I will in the case of the death of either of the first named [the devisees] in this will [during the life of any of the supportees and during the life of any of the devisees] that their interest and responsibility above named go to the other two [devisees] or if two of them die [during the life of any of the supportees and during the life of one of the devisees] to the one [the last devisee] living.

This we think effectuates the intent of the testate.

Upon the death of the testate, T. L. Moore, E. M. Emma Moore, and Ella M. Moore each took a defeasible fee title to a one-third undivided interest in the 150 acre tract of land, subject to defeasance upon the concurrence of three events: (1) his or her death, (2) during the life of one or more of the blind children, and (3) during the life of one or more of the devisees. Each of the devisees also took a contingent remainder to the interest of the other, subject to vesting upon the concurrence of the three events.

When E. M. Emma Moore died in 1949, her fee was defeated by the concurrence of the three events: (1) her death (2)

during the life of one or more (two) of the blind children, and (3) during the life of one or more (two) of the devisees. The remainder after the determined estate vested in T. L. Moore and Ella M. Moore subject to defeasance upon the concurrence of the three events.

When Ella M. Moore died in 1952, her fee was defeated by the concurrence of the three events: (1) her death (2) during the life of one or more (two) of the blind children, and (3) during the life of one or more (one) of the devisees. The remainder after the determined estate vested in T. L. Moore, no longer subject to defeasance.

At this point the fee of T. L. Moore was no longer defeasible because the concurrence of the three events was no longer possible; i.e., he could not die during the life of one or more of the devisees. "When the event upon which the fee is to be defeased becomes impossible the fee becomes a fee simple absolute." 4 Thompson on Real Property (1961 Replacement), § 1891. The fee simple title to the 150 acre tract of land became absolute in T. L. Moore upon the death of Ella M. Moore in 1952 subject only to an equitable lien for the support of the surviving blind children. Upon the death of T. L. Moore in 1963, the fee title to the 150 acre tract passed to the heirs or devisees of T. L. Moore, subject only to the equitable lien for support which became fully satisfied upon the death of Ida B. Moore (the last surviving blind child) in 1966.

The judgment of the trial court is reversed and this cause is remanded to the Superior Court for entry of a declaratory judgment construing the will of Margaret Guy Moore in accordance with this opinion.

Reversed and remanded.

Chief Judge MALLARD and Judge CAMPBELL concur.