**FISHER v. MELTON**

[95 N.C. App. 729 (1989)]

HENRY E. FISHER, Substitute Trustee Under the Last Will and Testament of R. B. MELTON, Plaintiff v. LILLIE P. MELTON, Et Al., Defendants

No. 897SC20

(Filed 3 October 1989)

## Wills § 36.2— assets of trust to last of trustees to survive

The trial court properly determined that, pursuant to the provisions of testator's will, the assets of a trust should go to the sole and exclusive devisee of the last of three trustees to survive, subject to the beneficial interest therein of testator's wife, since, in the absence of an express intention to the contrary, the estate in the trustees vested at the time of death of the testator, and these vested remainders were subject to be divested under the provisions of the will upon the death or deaths of any of the trustees until there remained only one survivor.

Judge LEWIS dissenting.

APPEAL by defendants from *Barefoot, Judge.* Judgment entered 10 October 1988 in Superior Court, NASH County. Heard in the Court of Appeals 28 August 1989.

This is a declaratory judgment proceeding wherein plaintiff, trustee, seeks to have the court declare the rights, status and interest of the parties under a trust created by the last will and testament of R. B. Melton, deceased. Defendant Lillie Melton filed a motion for summary judgment on 6 September 1988. At the hearing on the motion, defendants Pattie Lou Smith and Lucinda Fulghum also made motions for summary judgment. The trial court denied defendant Lillie Melton's and defendant Pattie Lou Smith's motions, and granted summary judgment for defendant Lucinda Fulghum. Defendants Lillie Melton, Pattie Lou Smith, Julie Batts, Christy Ann Batts, Linda K. Batts, and Will H. Lassiter, guardian ad litem for all unknown and unborn heirs of R. B. Melton and Mavis Melton Bell, and all unknown and unborn beneficiaries of the trust of R. B. Melton appealed.

*No counsel for plaintiff, Henry E. Fisher, trustee.*

*Valentine, Adams, Lamar, Etheridge & Sykes, by L. Wardlaw Lamar, for defendant Barbara F. Collins, individually and as executrix of the estate of Lucinda D. Fulghum, appellee.*

*Battle, Winslow, Scott & Wiley, P.A., by Robert M. Wiley, and John E. Cargill, for defendant Lillie P. Melton, appellant.*

*Fields, Cooper, Henderson & Cooper, by Leon Henderson, Jr., for defendant Pattie Lou Smith, appellant.*

*Hunter, Wharton & Lynch, by V. Lane Wharton, Jr., for defendants Julie, Ann, and Linda K. Batts, appellants.*

*Keel, Lassiter & Duffy, by Will H. Lassiter, III, for guardian ad litem.*

HEDRICK, Chief Judge.

The pertinent parts of R. B. Melton's last will and testament provide:

8(g) Upon the death of my daughter and my wife, if she then be my widow, the trust herein created shall be terminated and I give, devise and bequeath to the said Thomas O. Fulghum, W. B. Melton and Addison Hoyt Smith, or the survivor or survivors of them all of my estate, real, personal and mixed, in equal shares in fee simple.

8(h) For their services, said trustees shall from time to time be paid such reasonable compensation, to be taken out of the funds of this trust, as may be approved by the court to which they make their report, taking into account that they are also devisees under this my last will and testament.

8(i) In the event that any of said trustees should die or resign, or be unable to act before this trust is fully administered, then and in that event, the remaining trustees shall have all of the rights, powers and authority, and duties herein given the original three trustees.

An unnumbered paragraph following Paragraph 8(j) states:

I am setting up the foregoing trust for the benefit of my wife and my only child, Mavis Melton, and devising my property upon the termination of said trust to the three named trustees for the services heretofore rendered to me and to be hereafter rendered in my behalf, not from any lack of love or affection for any of my nieces and nephews not named herein but because I have heretofore already given them money or other property which I think sufficient under the circumstances.

FISHER v. MELTON

[95 N.C. App. 729 (1989)]

The trial court made the following pertinent findings of fact: The beneficiaries under the trust are the testator's daughter, Mavis Melton, who died on 26 December 1968 and the testator's wife, Dorothy Melton, who currently resides in Salisbury, N.C. and has not remarried. The three trustees under the will are deceased. Thomas O. Fulghum, deceased husband of Lucinda D. Fulghum, was the last survivor of the three trustees named under the will of R. B. Melton.

Of contention between the parties in this case is the interpretation of Paragraph 8(g) of the late R. B. Melton's will. In construing a will, the court must consider the entire instrument and seek to ascertain from it the testator's intent. *Moore v. Tilley*, 15 N.C. App. 378, 190 S.E.2d 243, *cert. denied*, 282 N.C. 153, 191 S.E.2d 758 (1972); *Jernigan v. Lee*, 279 N.C. 341, 182 S.E.2d 351 (1971).

We cannot improve on the judgment and opinion authored by Judge Barefoot construing R. B. Melton's will, and we "adopt and affirm" the same as our own. Judge Barefoot's opinion states:

4. "Survivor" is one who survives another or one who outlives another or one of two or more persons who lives after the death of the other or others. (Citations omitted).

5. The word "survivor" as used in paragraph 8(g) of the last will and testament of R. B. Melton means the last to die of Thomas O. Fulghum, Willie Bob Melton and Addison Hoyt Smith, trustees. (Citations omitted).

6. At the time of death of Willie Bob Melton, the fee of Thomas O. Fulghum was no longer defeasible because there was no possibility that any of the other two could survive him. "When the event upon which the fee is to be defeased becomes impossible the fee becomes a fee simple absolute." (Citations omitted).

7. Upon the prior deaths of Addison Hoyt Smith and Willie Bob Melton, Thomas O. Fulghum became the "survivor," referred to in said Item 8(g). As such, he took the assets of the trust established under the will of R. B. Melton, subject to the beneficial interest therein of Dorothy Melton, the present beneficiary of said trust.

8. The Court is of the opinion that the will of R. B. Melton, read from its four corners, established a clear intent to create

in each of said trustees a present vested estate of inheritance in the assets of the trust established by R. B. Melton.

9. The will of R. B. Melton contains no limitation over in the event of death of the said trustees; consequently, in the absence of an express intention to the contrary, the estate in the trustees vested at the time of death of the Testator. However, these vested remainders were subject to be divested under the provisions of said will upon the death or deaths of any of the trustees, until there remained only one "survivor." (Citations omitted).

10. Because of the Testator's obvious intent that the trustees should have a vested interest subject to divest, even in the event that no trustee survived the two life tenants, the assets of the trust, subject to the beneficial interest therein of the present beneficiary, became the property of Thomas O. Fulghum on the date of death of W. B. Melton on December 20, 1985.

11. Because the defendant Lucinda D. Fulghum is the sole and exclusive devisee under the will of Thomas O. Fulghum, deceased, she took all his property at the time of his death in 1987, and is entitled to all of the remaining assets of the trust established by R. B. Melton subject, of course, to the beneficial interest therein of Dorothy Melton.

12. The defendant Lucinda D. Fulghum is vested of fee simple absolute title to all the remaining assets of the trust of R. B. Melton, Deceased, subject to the beneficial interest therein of Dorothy Melton.

Affirmed.

Judge ORR concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I dissent.

This is a matter of interpretation of the intent of the Testator to be drawn from the four corners of the will.

FISHER v. MELTON

[95 N.C. App. 729 (1989)]

There are several references which I believe indicate that the Testator created an indefeasible vested remainder in all three trustees and thus to their present heirs. The relevant references are:

8(g) . . . I give, devise and bequeath to the said Thomas O. Fulghum, W. B. Melton and Addison Hoyt Smith, or the survivor or *survivors* . . . in *equal* shares in fee simple.

8(h) . . . compensation, to be taken out of the funds of this trust . . . , taking into account that *they* are also devisees.
. . .

Later, Mr. Melton explained that he had already provided for his nieces and nephews and "devising my property upon the termination of said trust to the *three* named trustees for the services heretofore rendered to me and to be hereafter rendered in my behalf. . . ." Had he intended to provide only for the trustee who outlived the others, it could have been easily stated.

I find *Moore v. Tilley*, 15 N.C. App. 378, 190 S.E.2d 243, *cert. denied*, 282 N.C. 153, 191 S.E.2d 758 (1972) distinguishable. There it is stated in one of four paragraphs, "I will in case of the death of either of the first named in this will [of whom there were three] that their interest and responsibility above named go to the other two or if two of them die to the one living." The only expressed intent there was for her three sighted children to care for her four blind children for as long as possible. In this case, Mr. Melton clearly stated two objectives; first, to provide for his wife and daughter and second, to reward and compensate his three trusted friends and business associates of long standing.

I believe all three were intended to share equally and their heirs should inherit, per stirpes.